**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID JOHNS, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>   vs.<br><br><br>BAYER CORPORATION, et al.,<br><br>                         Defendants. | CASE NO. 09CV1935 DMS (JMA)<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE, AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docs. 13-14] |

Pending before the Court are Defendants' motion to strike portions of Plaintiff's First Amended Complaint ("FAC"), and Defendants' motion to dismiss the FAC. Defendants also request judicial notice of several documents. For the reasons set forth below, Defendants' motion to strike is granted in part and denied in part, and Defendants' motion to dismiss is granted.

**I.**

**BACKGROUND**

Defendants Bayer Corporation and Bayer Healthcare, LLC, manufacture, distribute, and sell One A Day Men's 50+ Advantage ("Men's 50+") and One A Day Men's Health Formula ("Men's Health") vitamin products. (FAC ¶ 1.) Plaintiff David Johns filed a putative class action alleging that Defendants misrepresented on product packaging, commercial advertisements, their website, and in other marketing materials and media, that one of the products' key ingredients, selenium, has "the

- 1 -

ability to reduce the risk of prostate cancer in men." (*Id.* at ¶ 12.)  Plaintiff alleges that Defendants promoted the health benefits of selenium based on "emerging evidence," but that selenium does not in fact prevent or reduce the risk of prostate cancer and may actually cause diabetes. (*Id.* at ¶ 20.)

Plaintiff alleges Defendant Bayer Corporation was sued by the federal government in 2007 for violations of the Federal Trade Commission Act ("FTCA") stemming from marketing of its One a Day Weightsmart product. (*Id.* at ¶ 18.) Plaintiff alleges Bayer settled the claim and entered into a Consent Decree, which prohibits Bayer from claiming a product will "cure, treat, or prevent any disease" unless such statement is supported by "competent and reliable scientific evidence." (*Id.* at ¶ 19.)  Plaintiff further alleges that the Center for Science in the Public Interest ("CSPI") sent a letter to the Federal Trade Commission ("FTC") complaining about Bayer's statements regarding selenium.  The CSPI letter cites to multiple scientific studies that found selenium does not reduce or prevent prostate cancer and can increase risk of diabetes. (*Id.* at ¶ 25.) The CSPI requested that the FTC take action against Bayer. (*Id.* at ¶ 21.)

Plaintiff alleges he purchased one bottle of Men's Health in July 2009 for approximately $8.00. (*Id.* at ¶ 37.)  He alleges he read the information regarding selenium on the product packaging and relied on those statements in making his purchasing decision. (*Id.* at ¶ 38.) Plaintiff consumed the Men's Health vitamins. (*Id.* at ¶ 39.)  Thereafter, Plaintiff alleges he learned that Defendants' statements regarding selenium were not supported by scientific studies and that selenium could lead to increased risk of diabetes. (*Id.* at ¶ 40.) Based upon these events, Plaintiff seeks to bring a class action on behalf of "all persons in the United States or, alternatively, all California residents who from and after September 3, 2005, purchased One a Day Men's 50+ Advantage or One a Day Men's Health Formula." (*Id.* at ¶ 42.)

Plaintiff alleges claims for: (1) violation of California's Unfair Competition Law, California Business & Professions Code § 17200 ("UCL"), (2) violation of the Consumers Legal Remedies Act, California Civil Code § 1750 ("CLRA"), and (3) unjust enrichment.  Plaintiff filed his FAC on October 16, 2009, (Doc. 10), and Defendants filed the instant motions on October 30, 2009. (Docs. 13 & 14.) Plaintiff filed an opposition to each motion (Docs. 15 & 16), and Defendants filed a reply. (Docs. 17 & 18.)

## II.

### DISCUSSION

**A.    Judicial Notice**

Judicial notice may be taken of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  A court may also consider documents on which a plaintiff's claims are based, but which are not attached to the complaint, without converting a Rule 12(b)(6)[1] motion into a motion for summary judgment.  *Id.*  In that instance, the authenticity of the documents must not be contested.  *Id.*

Defendants request judicial notice of: 1) a Complaint filed in *United States v. Bayer*, Case No. 07-CV-00001 (D. N.J. 2007), 2) the resulting FTC Consent Decree, 3) a "Memorandum Opinion and Order on Defendant's Motion to Dismiss and Motion to Strike Portions of the First Amended Complaint," issued in *Fraker v. Bayer Corp.*, Case No. 08-CV-1564 (E.D. Cal. Oct. 6, 2009), and 4) the product packaging for Bayer One-A-Day Men's Health Formula.  (Def. Req. for Judicial Notice, Doc. 13-3.)  The first three documents are a matter of public record.  The fourth document, the packaging, serves as the basis for several of Plaintiff's allegations and Plaintiff does not contest its authenticity.  Accordingly, Defendants' request for judicial notice is granted.

**B.    Motion to Strike**

*1.    Legal Standard*

Rule 12(f) provides that a court "may strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  The Court may strike "requested relief [that] is not recoverable as a matter of law."  *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

---

[1] All references are to the Federal Rules of Civil Procedure unless otherwise noted.

### 2. *"Borrowed" Allegations*

Defendants move to strike Paragraphs 17-32 of the FAC because the allegations are borrowed from the FTC and the CSPI.  Defendants argue these allegations violate Plaintiff's duty under Rule 11(b) to conduct a reasonable factual investigation into the allegations made in a complaint.  Plaintiff argues the allegations are relevant to the litigation and that Plaintiff conducted an independent investigation into the claims.

Attorneys have a duty to make a reasonable inquiry into whether the factual contentions made in a complaint have evidentiary support.  Fed. R. Civ. Pro. 11(b).  Two cases are noteworthy on this issue.  In the first case, *In re Connectics*, 542 F. Supp. 2d 996, 1005-06 (N.D. Cal. 2008), the court struck allegations from the plaintiffs' complaint that were taken from a complaint the SEC had filed against the defendants.  The court found that the plaintiffs had relied solely on the SEC complaint as the basis for the allegations and that they had not conducted an independent inquiry.  *Id.*  In the second case, *In re New Century*, 588 F. Supp. 2d 1206, 1220-21 (C.D. Cal. 2008), the court declined to strike allegations taken from a bankruptcy examiner's report because the report was deemed to be a reliable source for pleading purposes.

Here, Paragraphs 17-19 of the FAC involve a previous matter from 2007, in which Defendant Bayer Corporation was sued by the government for alleged FTCA violations.  That lawsuit resulted in a settlement and consent decree; there was no adjudication on the merits and no admission of wrongdoing or fault on the part of Bayer.  Paragraphs 20-32 of the FAC involve a letter written by CSPI to the FTC, which alleges that Bayer violated the earlier consent decree with misrepresentations regarding selenium.  The CSPI letter provided examples of Bayer's alleged misrepresentations and cited to several studies which indicate that scientific support for Bayer's claims regarding selenium may be lacking.

This matter is similar to *Fraker v. Bayer Corp.*, 08cv1564 AWI (GSA), (E.D. Cal. 2008), in which Bayer was sued for false advertising regarding "Epigallocatechin Gallate," a product involved in a government lawsuit and consent decree.  (RJN, Ex. C.) There, the court struck allegations which were lifted from the consent decree and an FTC order because the court could not find any independently investigated evidence that supported the plaintiff's claims.  (*Id.* at Ex. C, p. 56.) The

1    court noted that "the entirety of Plaintiff's claims of *wrongdoing* are based on factual allegations made

2    in, or inferred from, either the Consent Decree or the FTC Order." (*Id.*)(original emphasis).  So it is

3    here.  The only allegations that support a claim of wrongdoing are taken directly from the CSPI letter.

4    Because CSPI is an interest group, its allegations do not contain the same level of reliability as the

5    bankruptcy examiner's report in *In re New Century*, 588 F. Supp. 2d at 1220-21.  Accordingly,

6    Defendants' motion to strike paragraphs 17-32 of the FAC is granted.

7                      *3.       Equitable Relief*

8            Defendants seek to strike portions of the FAC in which Plaintiff states he is seeking

9    "disgorgement of Defendants' profits from sales of the Products." (FAC ¶¶ 2, 45(d), 59, 74, Prayer

10   for Relief ¶ D.)  Although Defendants are correct that nonrestitutionary disgorgement is unavailable

11   under the UCL, disgorgement is available to the extent it is restitutionary.  *See Korea Supply Co. v.

12   Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) ("Under the UCL, an individual may recover

13   profits unfairly obtained to the extent that these profits represent monies given to the defendant or

14   benefits in which the plaintiff has an ownership interest.").  Defendants' motion to strike on this

15   ground is denied.[2]

16       **C.     Motion to Dismiss**

17           Because the Court grants Defendants' motion to strike Paragraphs 17-32 of the FAC, there are

18   no factual allegations to support the claim that Defendants' advertising was deceptive.  Accordingly,

19   Defendants' motion to dismiss is granted without prejudice.  Nonetheless, the Court addresses several

20   of the issues raised in the motion to dismiss as guidance if Plaintiff chooses to file an amended

21   complaint.

22                      *1.      Legal Standard*

23           In two recent opinions, the Supreme Court established a more stringent standard of review for

24   12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.

25   Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint

26   must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on

27   its face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

28

---

[2] Defendants also move to strike several allegations on standing grounds.  The standing issues are addressed in text below.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### 2.    Standing

Defendants argue Plaintiff lacks statutory standing to bring a claim under the UCL and CLRA for violations involving the Men's 50+ vitamin because Plaintiff does not allege he purchased that particular product. Defendants further argue that Plaintiff does not allege he relied on any radio, television, or internet advertisements in conjunction with his purchase of Men's Health.

Proposition 64, which was approved by California voters on November 2, 2004, amended certain provisions of the UCL.  To have standing under the UCL, as well as to serve as a class representative, a plaintiff must plead and prove that he or she "has suffered injury in fact and has lost money or property as a result of" a defendant's unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code §§ 17203-04.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326, 326 n.17 (2009) ("*Tobacco II*") (Proposition 64 "imposes an actual reliance requirement" under which plaintiffs seeking to represent a class of consumers must "plead and prove actual reliance" on the challenged conduct).

Similarly, under the CLRA, an action may be brought by: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770...." Cal. Civ. Code § 1780(a).  In order to have standing, a plaintiff must allege he or she was damaged by an alleged unlawful practice. *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 638 (2009.)

/ / /

/ / /

1    Here, Plaintiff alleges Defendants violated the UCL by:

2    misrepresenting on Product packaging, in commercial advertisements, on their
     website, and in other marketing materials and media that the Products' key ingredient
3    - selenium - has the ability to prevent or reduce the risk of prostate cancer, and failing
     to warn of the increased risk of diabetes caused by consumption of their Products.

4

5    (FAC at ¶¶ 54-56.)

6        Plaintiff does not allege that he saw any advertisements for Men's 50+, that he read the

7    packaging on the product, or that he even considered purchasing the product.  Plaintiff also does not

8    allege that he relied upon on any radio, television, or internet advertisement in connection with his

9    purchase of Men's Health.  Nonetheless, Plaintiff argues he has standing to pursue his claims because

10   Defendants' conduct is not limited to the labeling of Men's Health, but rather stems from a uniform

11   advertising campaign designed to promote the health benefits of selenium.

12       Plaintiff argues he was the "direct object of some aspect of" Defendants' advertising campaign.

13   Citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326, 326 n.17 (2009) ("*Tobacco II*"), Plaintiff asserts

14   he need not allege actual reliance on all aspects of Defendants' advertising campaign: where "a

15   plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead

16   with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or

17   statements."  46 Cal. 4th at 328.  The problem with this argument is that Plaintiff does not allege

18   exposure to a long-term advertising campaign; rather, he has alleged injury based upon a specific

19   misrepresentation on Defendants' Men's Health product.  He cannot expand the scope of his claims

20   to include a product he did not purchase or advertisements relating to a product that he did not rely

21   upon.  The statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not

22   permit such generalized allegations.  Plaintiff, therefore, has standing under the UCL and CLRA to

23   pursue his claim regarding Men's Health product and the representations contained on that product;

24   but he lacks standing to pursue any other alleged claim under the UCL or CLRA.

25           3.      Rule 9(b)

26       Defendants argue that the FAC sounds in fraud and therefore is subject to the particularized

27   pleading requirements of Rule 9(b).  Fraud is not an essential element of a UCL or CLRA claim.

28   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Nonetheless, claims brought under

the UCL and CLRA may be subject to Rule 9(b) if the claim "sounds in fraud" or is "grounded in fraud." *Id.* A claim is grounded in fraud where the plaintiff alleges a unified course of fraudulent conduct and relies on that course of conduct as the basis of a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Defendants argue the present claims sound in fraud. The elements of fraud are: (1) misrepresentation, *i.e.* false representation, concealment, or nondisclosure; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damage. *Kearns,* 567 F.3d at 1126. Here, Plaintiff alleges that Defendants made misrepresentations and omissions on their product packaging, but does not allege knowledge of falsity or intent to induce reliance. Accordingly, Plaintiff's claims are not "grounded in fraud" and Rule 9(b) does not apply.

### 4.    Unjust Enrichment

Defendants correctly argue that Plaintiff's claim for unjust enrichment fails as a matter of law. Unjust enrichment is a "general principle underlying various legal doctrines and remedies;" it is not an independent cause of action. *McBride v. Boughten*, 123 Cal. App. 4th 379, 387 (2004) (quoting *Melchior v. New Line Products, Inc.*, 106 Cal. App. 4th 779, 793 (2003)).[3] Accordingly, Plaintiff's claim for unjust enrichment fails.

### III.

### CONCLUSION

For the reasons stated above, Defendants' motion to strike is granted in part and denied in part. Defendants' motion to dismiss is granted. Plaintiff may file a Second Amended Complaint within thirty (30) days of the date this order is electronically posted.

**IT IS SO ORDERED.**

DATED:  February 9, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[3] While a split of authority appears to exist on this issue, (*see, e.g., Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) ("state and the federal courts appear to be unclear whether in California a court may recognize a claim for 'unjust enrichment' as a separate cause of action"), this Court agrees with those courts that conclude unjust enrichment is not a separate claim.