SHIRLI F. WEISS (Bar No. 079225)
JULIE L. HUSSEY (Bar No. 237711)
RYAN T. HANSEN (Bar No. 234329)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

E-mail: shirli.weiss@dlapiper.com
E-mail: julie.hussey@dlapiper.com
E-mail: ryan.hansen@dlapiper.com

Attorneys for Defendants BAYER CORPORATION
and BAYER HEALTHCARE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNS, an individual, and MARC BORDMAN, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION, an Indiana corporation and BAYER HEALTHCARE, LLC, a Delaware limited liability company,<br><br>Defendants. | CV NO. 09 CV 1935 DMS JMA<br><br>**ANSWER OF BAYER CORPORATION AND  BAYER HEALTHCARE, LLC TO THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Judge: Hon. Dana M. Sabraw<br>Courtroom: 10 |

      Defendants Bayer Corporation and Bayer HealthCare, LLC (collectively "Bayer") hereby answer the Second Amended Class Action Complaint ("SAC") filed by Plaintiffs David Johns and Marc Bordman ("Plaintiffs").  Except as expressly admitted herein, Bayer denies any and all allegations set forth in the SAC.  Bayer further answers the numbered paragraphs in the SAC as follows:

      1.     Answering the allegations in Paragraph 1, Bayer admits that Bayer HealthCare, LLC distributes One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products in California and throughout the United States and sells One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® on a wholesale level, but denies the same allegations as they pertain directly to Bayer Corporation.  Except as expressly admitted, Bayer denies all remaining allegations.

      2.     Answering the allegations in Paragraph 2, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 2 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations.

      3.     Answering the allegations in Paragraph 3, Bayer admits that Plaintiffs purport to bring this action on behalf of themselves and all similarly situated consumers, and that Plaintiffs assert the claims and seek the remedies listed in Paragraph 3.  Except as expressly admitted, Bayer denies all remaining allegations.

      4.     Answering the allegations in Paragraph 4, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies all allegations.

      5.     Answering the allegations in Paragraph 5, Bayer lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff Johns' residency or whether certain acts giving rise to the claims asserted in the SAC occurred within this District and, on that basis, denies those allegations.  Bayer admits that Bayer HealthCare, LLC distributes One-A-Day®

/////

Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products in this District. Bayer further denies all remaining allegations.

6. Answering the allegations in Paragraph 6, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies all allegations.

7. Answering the allegations in Paragraph 7, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies all allegations.

8. Answering the allegations in Paragraph 8, Bayer admits that Bayer Corporation is an Indiana corporation with its headquarters and principal place of business in Pittsburgh, Pennsylvania. Neither Bayer Corporation nor Bayer HealthCare, LLC manufacture One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage®. Bayer Corporation does not sell One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage®; Bayer HealthCare, LLC sells One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® on a wholesale level. Except as expressly admitted, Bayer denies all remaining allegations.

9. Answering the allegations in Paragraph 9, Bayer admits that Bayer HealthCare, LLC is a Delaware limited liability company. Bayer also admits that Bayer HealthCare, LLC is a subsidiary of Bayer Corporation. Bayer further admits that Bayer HealthCare, LLC researches, develops, markets, and distributes One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® throughout the United States, including California. Except as expressly admitted, Bayer denies all remaining allegations.

10. Paragraph 10 requires no response.

11. Answering the allegations in Paragraph 11, Bayer denies all allegations.

12. Answering the allegations in Paragraph 12, Bayer admits that Bayer HealthCare, LLC distributes One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products. Bayer further admits that since 2002, One-A-Day® Men's Health

/////

Formula® and One-A-Day® Men's 50+ Advantage® have contained 105 micrograms of selenium per dose.  Except as expressly admitted, Bayer denies all remaining allegations.

13. Answering the allegations in Paragraph 13, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 13 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations.

14. Answering the allegations in Paragraph 14, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 14 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations.

15. Answering the allegations in Paragraph 15, Bayer states that the product packaging for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 15 regarding the content of the packaging are incorrect, Bayer denies those allegations.  Bayer admits that the graphics of excerpts from the product packaging for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® that appear in Paragraph 15 are representative of some of the product packaging that has been used for One-A-Day® Men's Health Formula® and and One-A-Day® Men's 50+ Advantage®.  Except as expressly admitted, Bayer denies all remaining allegations.

16. Answering the allegations in Paragraph 16, Bayer states that the product packaging for One-A-Day® Men's Health Formula® speaks for itself, and to the extent the allegations in Paragraph 16 regarding the content of the packaging are incorrect, Bayer denies those allegations.  Bayer admits that graphic of an excerpt from the product packaging for One-A-Day® Men's Health Formula® that appears in Paragraph 16 is representative of some of the product packaging that has been used for One-A-Day® Men's Health Formula®.  Except as expressly admitted, Bayer denies all remaining allegations.

17. Answering the allegations in Paragraph 17, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 17 regarding the content of those materials are incorrect, Bayer denies those allegations. Bayer admits that graphic of an excerpt from the product packaging for One-A-Day® Men's 50+ Advantage® that appears in Paragraph 17 is representative of some of the product packaging that was used for One-A-Day® Men's 50+ Advantage®. Bayer further admits that it has run at least 11 television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® that refer to prostate health and/or selenium. Except as expressly admitted, Bayer denies all remaining allegations.

18. There is no Paragraph 18 in the SAC.

19. Answering the allegations in Paragraph 19, Bayer states that the television advertisements for One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 19 regarding the content of those materials are incorrect, Bayer denies those allegations. Except as expressly admitted, Bayer denies all remaining allegations.

20. Answering the allegations in Paragraph 20, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies all allegations.

21. Answering the allegations in Paragraph 21, Bayer denies all allegations.

22. Answering the allegations in Paragraph 22, Bayer denies all allegations.

23. Answering the allegations in Paragraph 23, Bayer admits that the referenced trials were conducted. Except as expressly admitted, Bayer denies all remaining allegations.

24. Answering the allegations in Paragraph 24, Bayer states that the results from the referenced trial speak for themselves, and to the extent the allegations in Paragraph 24 regarding the content of those materials are incorrect, Bayer denies those allegations. To the extent the allegations in Paragraph 24 go beyond the results of the referenced trial, Bayer denies all remaining allegations, including Plaintiffs' characterization.

1        25.    Answering the allegations in Paragraph 25, Bayer states that the results from the referenced trial speak for themselves, and to the extent the allegations in Paragraph 25 regarding the content of those materials are incorrect, Bayer denies those allegations.  To the extent the allegations in Paragraph 25 go beyond the results of the referenced trial, Bayer denies all remaining allegations, including Plaintiffs' characterization.

      26.    Answering the allegations in Paragraph 26, Bayer admits that the quoted language, absent emphasis, was printed in the referenced article, authored by Saverio Stranges, MD, PhD et al.  Except as expressly admitted, Bayer denies all remaining allegations, including Plaintiffs' characterization.

      27.    Answering the allegations in Paragraph 27, Bayer states that the results from the referenced trial speak for themselves, and to the extent the allegations in Paragraph 27 regarding the content of those materials are incorrect, Bayer denies those allegations.  Bayer admits that the SELECT trial was terminated in October 2008.  To the extent the allegations in Paragraph 27 go beyond the results of the referenced trial, Bayer denies all remaining allegations, including Plaintiffs' characterization.

      28.    Answering the allegations in Paragraph 28, Bayer states that the results from the referenced trial and statements made by the National Cancer Institute speak for themselves, and to the extent the allegations in Paragraph 28 regarding the content of those materials are incorrect, Bayer denies those allegations.  To the extent the allegations in Paragraph 28 go beyond the results of the referenced trial or statements made, Bayer denies all remaining allegations, including Plaintiffs' characterization.

      29.    Answering the allegations in Paragraph 29, Bayer states that the results from the referenced trial speak for themselves, and to the extent the allegations in Paragraph 29 regarding the content of those materials are incorrect, Bayer denies those allegations.  To the extent the allegations in Paragraph 29 go beyond the results of the referenced trial, Bayer denies all remaining allegations, including Plaintiffs' characterization.

/////

/////

1  30. Answering the allegations in Paragraph 30, Bayer admits that the quoted language, absent emphasis, was printed in the referenced article. Except as expressly admitted, Bayer denies all remaining allegations, including Plaintiffs' characterization.

31. Answering the allegations in Paragraph 31, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies all allegations.

32. Answering the allegations in Paragraph 32, Bayer states that the results from the referenced study speak for themselves, and to the extent the allegations in Paragraph 32 regarding the content of those materials are incorrect, Bayer denies those allegations. To the extent the allegations in Paragraph 32 go beyond the results of the referenced study, Bayer denies all remaining allegations, including Plaintiffs' characterization.

33. Answering the allegations in Paragraph 33, Bayer states that the results from the referenced study speak for themselves, and to the extent the allegations in Paragraph 33 regarding the content of those materials are incorrect, Bayer denies those allegations. To the extent the allegations in Paragraph 33 go beyond the results of the referenced study, Bayer denies all remaining allegations, including Plaintiffs' characterization.

34. Answering the allegations in Paragraph 34, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies all allegations.

35. Answering the allegations in Paragraph 35, Bayer states that the results from the referenced study speak for themselves, and to the extent the allegations in Paragraph 35 regarding the content of those materials are incorrect, Bayer denies those allegations. To the extent the allegations in Paragraph 35 go beyond the results of the referenced study, Bayer denies all remaining allegations, including Plaintiffs' characterization.

36. Answering the allegations in Paragraph 36, Bayer states that the results from the referenced study speak for themselves, and to the extent the allegations in Paragraph 36 regarding the content of those materials are incorrect, Bayer denies those allegations. To the extent the

/////

1    allegations in Paragraph 36 go beyond the results of the referenced study, Bayer denies all
2    remaining allegations, including Plaintiffs' characterization.

3         37.    Answering the allegations in Paragraph 37, Bayer states that the results from the
4    referenced study speak for themselves, and to the extent the allegations in Paragraph 37 regarding
5    the content of those materials are incorrect, Bayer denies those allegations.  To the extent the
6    allegations in Paragraph 37 go beyond the results of the referenced study, Bayer denies all
7    remaining allegations, including Plaintiffs' characterization.

8         38.    Answering the allegations in Paragraph 38, Bayer states that the results from the
9    referenced study trial for themselves, and to the extent the allegations in Paragraph 38 regarding
10   the content of those materials are incorrect, Bayer denies those allegations.  To the extent the
11   allegations in Paragraph 38 go beyond the results of the referenced trial, Bayer denies all
12   remaining allegations, including Plaintiffs' characterization.

13        39.    Answering the allegations in Paragraph 39, Bayer lacks sufficient knowledge or
14   information to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis,
15   denies all allegations.

16        40.    Answering the allegations in Paragraph 40, Bayer lacks sufficient knowledge or
17   information to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis,
18   denies all allegations.

19        41.    Answering the allegations in Paragraph 41, Bayer denies all allegations.

20        42.    Paragraph 42 has been ordered by the Court to be stricken from the SAC.

21        43.    Answering the allegations in Paragraph 43, Bayer states that the results from the
22   referenced trial speak for themselves, and to the extent the allegations in Paragraph 43 regarding
23   the content of those materials are incorrect, Bayer denies those allegations.  To the extent the
24   allegations in Paragraph 43 go beyond the results of the referenced trial, Bayer denies all
25   remaining allegations, including Plaintiffs' characterization.  Bayer lacks sufficient knowledge or
26   information regarding the vaguely referred to "later analyses of the NPC results" to form a belief
27   as to the truth of the allegations and, on that basis, denies those allegations.
28   /////

44. Answering the allegations in Paragraph 44, Bayer admits that it does not warn that long term use of One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products may cause diabetes.  Except as expressly admitted, Bayer denies all remaining allegations, including Plaintiffs' characterization.

45. Answering the allegations in Paragraph 45, Bayer admits that sodium selenate is used in One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products.  To the extent the allegations in Paragraph 45 pertain to third-party trials and/or research, Bayer states that the methodology and/or results from the trial and/or research speak for themselves, and to the extent the allegations in Paragraph 45 are incorrect, Bayer denies those allegations.  To the extent the allegations in Paragraph 45 go beyond the results of the referenced trial and research, Bayer denies all remaining allegations, including Plaintiffs' characterization.

46. Answering the allegations in Paragraph 46, Bayer denies all allegations.

47. Answering the allegations in Paragraph 47, Bayer states that the packaging for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 47 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations, including Plaintiffs' characterization.

48. Answering the allegations in Paragraph 48, Bayer denies all allegations.

49. Answering the allegations in Paragraph 49, Bayer denies all allegations.

50. Answering the allegations in Paragraph 50, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies all allegations.

51. Answering the allegations in Paragraph 51, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies all allegations.

52. Answering the allegations in Paragraph 52, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies all allegations.

53. Answering the allegations in Paragraph 53, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies all allegations.

54. Answering the allegations in Paragraph 54, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies all allegations.

55. Answering the allegations in Paragraph 55, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies all allegations.

56. Answering the allegations in Paragraph 56, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies all allegations.

57. Answering the allegations in Paragraph 57, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies all allegations.

58. Answering the allegations in Paragraph 58, Bayer admits that Plaintiffs purport to bring this action on behalf of themselves and all similarly situated consumers. Except as expressly admitted, Bayer denies all remaining allegations.

59. The allegations in Paragraph 59 require no response.

60. Answering the allegations in Paragraph 60, Bayer denies all allegations.

61. Answering the allegations in Paragraph 61, Bayer denies all allegations.

62. Answering the allegations in Paragraph 62, Bayer denies all allegations.

63. Answering the allegations in Paragraph 63, Bayer denies all allegations.

64. Answering the allegations in Paragraph 64, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies all allegations.

/////

/////

1    65.   Answering the allegations in Paragraph 65, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies all allegations.

   66.   Answering the allegations in Paragraph 66, Bayer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies all allegations.

   67.   Answering the allegations in Paragraph 67, Bayer denies all allegations.

   68.   Answering the allegations in Paragraph 68, Bayer denies all allegations.

   69.   Answering the allegations in Paragraph 69, Bayer denies all allegations.

   70.   Answering the allegations in Paragraph 70, Bayer denies all allegations.

   71.   Answering the allegations in Paragraph 71, Bayer repeats, realleges, and incorporates by reference its previous responses to the paragraphs above.

   72.   Paragraph 72 seeks a legal conclusion to which no response is required and does not contain a factual allegation to which Bayer is required to respond.

   73.   Answering the allegations in Paragraph 73, Bayer denies all allegations.

   74.   Answering the allegations in Paragraph 74, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 74 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations.

   75.   Answering the allegations in Paragraph 75, Bayer states that the product packaging and television advertisements for One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products speak for themselves, and to the extent the allegations in Paragraph 75 regarding the content of those materials are incorrect, Bayer denies those allegations.  Except as expressly admitted, Bayer denies all remaining allegations.

   76.   The first sentence of Paragraph 76 does not contain a factual allegation to which Bayer is required to respond.  Answering the second sentence of Paragraph 76, Bayer denies all allegations.

77. Answering the allegations in Paragraph 77, Bayer denies all allegations.

78. Answering the allegations in Paragraph 78, Bayer denies all allegations.

79. Paragraph 79 does not contain a factual allegation to which Bayer is required to respond.

80. Answering the allegations in Paragraph 80, Bayer repeats, realleges, and incorporates by reference its previous responses to the paragraphs above.

81. The first and second sentences in Paragraph 81 seek a legal conclusion to which no response is required and do not contain factual allegations to which Bayer is required to respond. Answering the third sentence of Paragraph 81, Bayer admits that One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® products are goods within the meaning of the Consumers Legal Remedies Act. Except as expressly admitted, Bayer denies all remaining allegations.

82. Answering the allegations in Paragraph 82, Bayer denies all allegations.

83. Answering the allegations in Paragraph 83, Bayer denies all allegations.

84. Paragraph 84 does not contain a factual allegation to which Bayer is required to respond.

85. Answering the allegations in Paragraph 85, Bayer admits that a notice letter addressing alleged violations of California Code of Civil Procedure 1770(a) subdivisions (5), (7), (9), and (16) was sent to its counsel via electronic and overnight mail on October 16, 2009. Except as expressly admitted, Bayer denies all remaining allegations.

86. Answering the allegations in Paragraph 86, Bayer denies all allegations.

87. Answering the allegations in Paragraph 87, Bayer denies all allegations.

WHEREFORE, Bayer requests that this Court dismiss with prejudice the SAC in its entirety, that judgment be entered in favor of Bayer and against Plaintiffs, and that Bayer be awarded costs, attorneys' fees, and other fees and further relief, as are legal and equitable, to which it may be justly entitled and that the Court deems just and proper.

/////

/////

## AFFIRMATIVE DEFENSES

In further response to the SAC, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiffs bear the burden of proof, Bayer asserts the following additional affirmative defenses.  By designating the following as affirmative defenses, Bayer does not in any way waive or limit any defenses which are or may be raised by its denials, allegations, and averments set forth herein.  These defenses are pled in the alternative, and are raised to preserve the rights of Bayer to assert such defenses, and are without prejudice to Bayer's ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The SAC, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Bayer.  The SAC also fails to state a claim upon which relief may be granted against Bayer in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, and sale of One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage®, including adequate disclaimers and instructions, conformed to the applicable state of the art, and the products were designed, manufactured, marketed, and sold in a reasonable and prudent manner based upon available medical and scientific knowledge.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The SAC, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Business and Professions Code § 17208 and California Civil Code § 1783.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate or Minimize Damages)

Plaintiffs, any class members and/or the general public, failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by

1  expenditures which might reasonably have been made.  Therefore, their recovery, if any, should
2  be reduced by the failure of them to mitigate their damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Inability to Meet Requirements to Maintain Class Action)

Plaintiffs cannot meet the requirements of Federal Rules of Civil Procedure 23 and corresponding case law to maintain a class action in that the alleged plaintiff class does not have sufficient numerosity, common issues of law and fact do not sufficiently predominate, the alleged plaintiff class does not have sufficient commonality of injuries and damages, the named plaintiff does not adequately represent the alleged plaintiff class, there is no benefit to litigants or the Court in maintaining this action as a class action, and/or class action status is not superior to maintaining this action as an individual action in the normal course of the judicial system.

## FIFTH AFFIRMATIVE DEFENSE

### (First Amendment to U.S. Constitution)

Plaintiffs are barred by the First Amendment to the U.S. Constitution from all forms of relief sought in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Notice)

Plaintiffs, any class members and/or the general public, cannot obtain relief on their claims based on actions undertaken by Bayer of which Bayer provided notice of all material facts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Discharge of Duties)

Bayer appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the SAC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs, any class members and/or the general public, are barred by the doctrine of unclean hands from all forms of relief sought in the SAC.

/////

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs, any class members and/or the general public, are barred by the doctrine of laches from all forms of relief sought in the SAC.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs, any class members and/or the general public, are barred by the doctrine of estoppel from all forms of relief sought in SAC.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiffs' SAC fails to state a claim for unlawful conduct under Business & Professions Code §§ 17200, et seq. and 17500, et seq., because Bayer completely complied with applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

Plaintiffs have failed to state a claim against Bayer upon which relief may be granted for punitive or exemplary damages. No act or omission of Bayer was malicious, willful, reckless, outrageous, unconscionable, despicable, contemptible, with conscious disregard for the rights or safety of Plaintiffs or others, or with malice, fraud and/or oppression as defined in California Civil Code § 3294, and Plaintiffs' SAC fails to state a claim upon which relief may be granted for punitive or exemplary damages. Plaintiffs' SAC seeks damages in excess of those permitted by law. Bayer asserts any statutory or judicial protection from punitive damages, and any and all standards or limitations regarding the determination and enforceability of punitive damages, as are available under the laws of the United State, California or other applicable states.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Bar of Punitive Damages)

Plaintiffs' purported claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7(a) of the

Constitution of the State of California; the Eighth Amendment to the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and other provisions of the United States Constitution and applicable state constitutions barring the imposition of excessive fines.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutionally Vague and Broad)

The imposition of punitive damages against Bayer would be unconstitutionally vague and/or broad because of the lack of clear standards.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Liability)

If Plaintiffs, any class members, and/or the general public incurred the expenses alleged, which is expressly denied, Bayer is not liable for said expenses or damages because it has acted in conformity with generally recognized, state-of-the-art standards in the industry.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Inadequate Notice)

Plaintiffs, and any class members, are barred from recovering damages because Plaintiffs have failed to provide the notice and demand as required by section 1782 of the California Civil Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Intervening and/or Superceding Causes)

The injuries and damages claimed by Plaintiffs, any class members, and/or the general public, resulted from an intervening or superceding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries and damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

Plaintiffs' recovery is barred and/or should be reduced under the applicable law because of Plaintiffs' contributory negligence or fault and/or comparative negligence or fault.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Misuse)**

If Plaintiffs, any class members, and/or the general public incurred the expenses alleged, which is expressly denied, said expenses were caused by the misuse of One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage®.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Third Parties)**

If Plaintiffs, any class members, and/or the general public incurred the expenses alleged, which is expressly denied, said expenses were directly and proximately caused by the negligence or fault of parties other than Bayer, whether named or unnamed in the SAC, over whom Bayer had no supervision or control and for whose actions and omissions Bayer has no legal responsibility.  Any recovery by Plaintiffs or class members should, therefore, be apportioned in accordance with applicable law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Preemption)**

The manufacture, distribution, and sale of One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® were at all times in compliance with all applicable federal regulations and statutes, and because of this and in any event, Plaintiffs' causes of action are preempted.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

Each and every cause of action in the SAC is barred by the doctrine of waiver.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Applicable Law)**

Some or all of the claims made in the SAC are or may be governed by laws of the country or state in which Plaintiffs and/or class members reside and/or in which they purposed or obtained One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® and not the law of the state where the Complaint was filed.

SAN DIEGO
- 16 -
ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT  (09CV1935 DMS JMA)

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Defenses Under Other States' Laws)

To the extent that the laws of another state apply to the action of an individual plaintiff or class member, Bayer asserts any and all defenses available under the laws of that state, including any defenses arising under that state's constitution or similar charter.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Choice of Law)

To some or all of the putative class seeks application of a state's law other than the state law that governs pursuant to an appropriate choice-of-law analysis, such claims conflict with the Due Process and Full Faith and Credit Clauses and are barred by the Supremacy Clause of the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Duplicate Actions/Recovery)

Plaintiffs' actions should be dismissed to the extent that they seek recovery on behalf of Plaintiffs or the putative class members on whose behalf other plaintiffs are seeking the same recovery in different jurisdictions.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Benefit Received)

Plaintiffs and the putative class received all or substantially all of the benefit they sought from One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage®, and their damages and/or restitution, if any, should be reduced accordingly.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Sophisticated User)

Plaintiffs' claims are barred, in whole or in part, by the sophisticated user or sophisticated purchaser defense.

/////

/////

/////

### TWENTY NINTH AFFIRMATIVE DEFENSE

### (Compliance with Medicine/Science)

Instructions for use and warnings and disclaimers given with One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® were at all times in accordance with medical and scientific knowledge, which by the application of reasonable developed human skill and foresight was known or could have been known at the time the products were marketed.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Right to Amend)

Bayer reserves the right to amend its Answer and assert additional affirmative defenses upon revelation of definitive facts by Bayer and upon Bayer's undertaking of discovery and investigation into this matter.

### JURY DEMAND

Bayer demands a trial by jury on all issues so triable.

Dated:  August 10, 2010                     DLA PIPER LLP (US)

                                            By  /s/ Shirli F. Weiss
                                                SHIRLI F. WEISS
                                                JULIE L. HUSSEY
                                                RYAN T. HANSEN
                                                Attorneys for Defendants
                                                BAYER CORPORATION and BAYER
                                                HEALTHCARE, LLC

WEST\22188547.1