1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                   SOUTHERN DISTRICT OF CALIFORNIA

12

13   DAVID JOHNS, on behalf of himself and      CV NO. 09-CV 1935 DMS JMA
     all others similarly situated,
14                                              **[PROPOSED] ORDER APPROVING JOINT**
                        Plaintiff,              **MOTION AND STIPULATION TO**
15                                              **PROTOCOL FOR THE PRODUCTION OF**
            v.                                  **DISCOVERABLE DOCUMENTS AND**
16                                              **ELECTRONICALLY STORED**
     BAYER CORPORATION, an Indiana              **INFORMATION**
17   corporation and BAYER HEALTHCARE,
     LLC, a Delaware limited liability company,
18
                        Defendants.             Judge:  Hon. Jan M. Adler
19                                              Courtroom:  D

20

21

22

23

24

25

26

27

28

WEST\222679138.3                         -1-

Having considered the Stipulation to Protocol for the Production of Discoverable Documents and Electronically Stored Information, and good cause appearing therefor, the Stipulation shall become and hereby is an Order of this Court.  IT IS HEREBY ORDERED that the following Protocol for the Production of Discoverable Documents and Electronically Stored Information shall govern discovery in this matter.  As used in this document, the term "Discoverable Documents and Electronically Stored Information" means discoverable documents and data consistent with Fed. R. Civ. P. 34(a) relevant to the claim(s) or defense(s) of any party subject to discovery pursuant to Fed. R. Civ. P. 26(b)(1).

1.    <u>Electronic Discovery</u>.  Discovery of electronically stored information shall proceed in the following sequenced fashion:

    a.    After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and electronically stored information;

    b.    The Producing Parties retain their right to maintain that certain sources of electronically stored information are not reasonably accessible because of undue burden or cost; and

    c.    If an inaccessible objection is made, the Producing Party shall produce, if practicable, a description of the electronically stored information deemed inaccessible that describes the electronically stored information's storage media, location, format, custodians (if determinable), and reason why they are deemed inaccessible.

    d.    The following categories of electronically stored information are not discoverable in this case:

        (1)    "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

        (2)    random access memory (RAM) or other ephemeral data;

        (3)    on-line access data such as temporary internet files, history, cache, cookies, etc.;

|     |                                                                                          |
| --- | ---------------------------------------------------------------------------------------- |
| 1   |       (4)    voicemails;               |

(4)      voicemails;

(5)      data in metadata fields that are frequently updated automatically, such as last-opened dates;

(6)      backup data that is substantially duplicative of data that is more accessible elsewhere; and

(7)      instant messages.

2.      General Format of Production.  Subject to the provisions of paragraph 4, documents that are produced in these proceedings, whether originally stored in paper or electronic form, shall be produced in electronic image form (described below) in the manner provided herein.  Notwithstanding the foregoing provisions of this paragraph, the parties reserve the right to request that an alternative format or method of production be used for certain documents and, in that event, the parties will meet and confer to discuss alternative production requirements, concerns, formats, or methods.

3.      Production Format.  All documents shall be produced in such fashion as to identify the location, i.e., the network file folder, hard drive, back-up tape, or other location, where available, where the documents were stored, and where applicable and practicable, the natural person in whose possession they were found and the business address of each document's custodian.  Documents shall be produced according to the following formats:

a.      Document Images.  A "Document Image" is defined as an electronic or digital picture of a document.  All Document Images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. or greater resolution, shall be produced with Optical Character Recognition ("OCR") file(s) and shall be saved and produced in a Group 4 compression single-page Tagged Image File Format ("TIFFs" or ".tiff format") and reflect the full and complete information contained on the original document.  Document Images generated from electronic documents shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information

contained on the original document, with a .txt or functionally equivalent extracted text file and, if applicable, with meta-data as set forth in paragraph 11.  For Document Images produced, the Producing Party shall produce a unitization file ("load file") in a commercially available document management or litigation support software such as Summation or Concordance format with any additional information necessary to comply with Fed. R. Civ. P. 34(b)(2)(E), including, but not limited to, the beginning and ending Bates numbers of all documents, and the beginning and ending Bates numbers of all document attachments with parent child relationships (i.e., email with document attachments).  The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software as listed above.  Documents that present imaging or formatting problems shall be promptly identified within an index listing the document and reason for the exception, and the parties shall meet and confer to attempt to resolve the problems.

b.   <u>Native Format Documents</u>.  "Native Format Documents" (or "Native Format") are defined as electronic documents that have an associated file structure defined by the creating application.  Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain limited files to be produced in Native Format in the first instance (e.g., Excel, Lotus 123, or other spreadsheets; e-mails; or databases); the Producing Party shall have the option to produce those certain types of files in Native Format.  The Requesting Party also has the right to request the production of electronically stored information in native file format where the converted image format distorts or causes the

/////

/////

1        information to be inappropriately displayed or where certain information

2        (e.g. formulas in excel files) is not available in the non-native format.

3        The parties will meet and confer if these requests become burdensome.

4        4.      Document Unitization.  If hard copy documents are scanned into Document

5   Images as described in paragraph 3(a), the unitization of the document and any attachments shall

6   be maintained as it existed in the original when creating the Document Image.  For documents

7   that contain affixed notes, the pages will be scanned both with and without the notes and those

8   pages will be treated as part of the same document.  The relationship of documents in a document

9   collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple

10  documents, or other documents where a parent-child relationship exists between the documents)

11  shall be maintained through the scanning or conversion process, to the extent reasonably possible.

12  Document Images generated from attachments to e-mails stored in Native Format shall be

13  produced contemporaneously and sequentially immediately after the parent e-mail.  All hard copy

14  documents imaged and produced electronically shall include a unitization file ("load file") in

15  accordance with paragraph 3(a).

16      5.      Color.  If an original document contains color, the Producing Party shall produce

17  the document in black and white.  The Producing Party shall honor reasonable requests for either

18  the production of an original document for inspection and copying or production of a color image

19  of the document.

20      6.      Duplicates.  Where a party has more than one identical copy of an electronic

21  document (i.e., the documents are actual duplicates), the Producing Party need only produce a

22  single copy of that document.  Furthermore, the parties are not required to produce multiple

23  instances of an electronic message sent to multiple recipients, provided that all of the recipients

24  (including "blind carbon copy" recipients) can be identified from documents or electronically

25  stored information produced pursuant to this Protocol.  Where a subsequent electronic mail

26  message contains all of the portions of an earlier message produced pursuant to this Protocol, it is

27  not necessary for a producing party to produce the earlier message in addition to the subsequent

28  inclusive message.  If the subsequent inclusive message does not include an attachment to an

earlier message, the attachment must also be produced pursuant to this Protocol, in addition to the subsequent inclusive message.

    7.    <u>Bates Numbering</u>.

        a.    <u>Document Images</u>.  Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document.  No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use.  The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

        b.    <u>Native Format Documents</u>.  Unless the requests for native production become burdensome, in order to preserve the integrity of Native Format Documents, no Bates number, confidentiality legend or internal tracking number should be added to the content of the Native Document.  Instead, the first page of the Native Format Document should be electronically imaged as described in paragraph 3(a).  This Document Image will be the Native Document's "Index Page".  The Index Page shall contain the original filename of the document, a unique Bates number to be used for the Native Format Document, and a confidentiality legend (where applicable) as described in paragraph 7(a).

    8.    <u>File Naming Conventions</u>.

        a.    <u>Document Images</u>.  Each Document Image shall be named with the unique Bates Number of the page of the document, followed by the extension ".tiff".

/////

b.      <u>Native Format Documents</u>.  Native Format Documents shall have the same name as when the document was originally created, unless the file name with file path exceeds 255 characters, in which case, the file name will be shortened to allow collection.  The index page as described by paragraph 7(b) shall contain this filename.  In the instance that a Producing Party has multiple files with the same filename, the Bates number of the document shall be added to the end of the Native Document's filename.

9.      <u>Production Media</u>.  A Producing Party shall produce documents that it produces in an electronic form on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Information that shall be identified on the physical Production Media shall include: (1) a reference to the above-captioned litigation, (2) the Producing Party's name, and (3) the production date.  The Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.  If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production an explanation of how to decrypt the files.

10.     <u>Meta-Data</u>.  Producing Parties will produce available meta-data information as described below with each production.  For images generated from native electronic documents, a Producing Party shall produce with each production the following fields, where available:

a.      Custodian

b.      Document title (subject line for e-mails; full path name including file extension for electronic documents)

c.      Sender/Author (sender for e-mails; person who created and/or saved the document in the form produced for electronic documents)

d.      Attachment(s) (full path name including file extension, and beginning and ending Bates numbers for each attachment)

e.      Total number of attachments

| | | |
|---|---|---|
| 1 | f. | Parent/Children Bates Range  (Bates range of parent e-mail/electronic |
| 2 | | document and all attachments) |
| 3 | g. | Document date (date sent for e-mails; latest chronologically date saved for |
| 4 | | electronic documents) |
| 5 | h. | Creation Date; last date modified (date the electronic document was |
| 6 | | created and the last date the electronic document was subsequently |
| 7 | | modified, and name of author/modifier for each date) |
| 8 | i. | Recipients (all "to"s) |
| 9 | j. | Copyees (all "cc"s) |
| 10 | k. | Blind copyees (all "bcc"s) |
| 11 | l. | Starting Bates (beginning Bates number) |
| 12 | m. | Ending Bates (ending Bates number) |
| 13 | n. | MD5 Hash |

14  The meta-data listed above shall be labeled and produced on Production Media and shall be

15  provided in a manner suitable for importing the information in a commercially available

16  document management or litigation support software such as Summation or Concordance.

17       11.   Search Terms.  The parties shall meet and confer on search terms to be used to

18  identify electronic documents that will be reviewed for possible production.  During the course of

19  the litigation, the parties may modify the search terms by agreement and for good cause shown.

20       12.   Databases.  To the extent a response to discovery requires production of

21  discoverable electronic information contained in a database, in lieu of producing the database, the

22  Producing Party shall produce reports from the database in image format as described in

23  paragraph 3(a).  Upon review of the reports, the Requesting Party may make reasonable requests

24  for additional information to explain the database scheme, codes, abbreviations, different report

25  formats or to request the raw data of the database.

26       13.   Document Production by Defendants of Personal File Materials.  Bayer shall

27  produce to the Plaintiff non-privileged, discoverable One-A-Day Men's Health and One -A-Day

28  Men's 50+ Advantage related hard-copy (paper) documents and Electronically Stored

WEST\222679138.3      -8-

1    Information ("ESI") of 7 - 10 key custodians whose names Bayer will provide to Plaintiff.  These

2    are custodians who have or had One-A-Day Men's or One -A-Day Men's 50+ Advantage -related

3    responsibilities related to claims or defenses in the current suit.  Present and former employees'

4    hard-copy (paper) documents and ESI productions will be made, as applicable, and available,

5    from paper files maintained by the individual, the hard drive of the individual's personal

6    computer, the individual's Lotus Notes e-mail file, the individual's home share file on file share

7    servers and other media (CDs or DVDs) on which the individual has stored ESI (hereinafter

8    "Personal File Materials"); for each of the present or former employees referred to herein, Bayer

9    shall provide to plaintiff a description of the individual's job title and departmental associations

10   within thirty (30) days after the entry of this Order; the time period of the individual's One-A-

11   Day Men's or One -A-Day Men's 50+ Advantage related responsibilities; and the individual's

12   employer if the person is not currently employed by a defendant and, if not, the individual's last

13   known address.

14           Plaintiff retains the right to serve upon Defendants requests for the production of

15   additional documents, including the Personal File Materials of additional Bayer personnel as well

16   as documents from non-employee-specific sources.  Defendants retain the right to object to the

17   production of documents that may be requested by Plaintiff.

18           14.   <u>Privilege Logs</u>.  The Producing Parties will produce privilege logs in Excel format

19   or a similar electronic format that allows text searching and organization of data.  A Producing

20   Party will produce a separate privilege log relating to each production within 75 days after the

21   production of documents from which documents were withheld based on a privilege being

22   asserted.  When there is a chain of privileged e-mails, the Producing Party need only include one

23   entry on the privilege log for the entire email chain, and need not log each e-mail contained in the

24   chain separately.  However, the privilege log must identify all recipients (cc's and bcc's) and the

25   sender of the most recent email in an email chain; all recipients (cc's and bcc's) and senders of all

26   other emails within the entire chain must also be identified, but may be identified collectively

27   (i.e., do not need to be separated per each email in the chain).  Where voluminous documents are

28   claimed privileged or protected, the Producing Party shall initially classify categories or groups of

1   withheld documents, and only if the Requesting Party makes a reasonable challenge to the

2   privilege asserted, will the Producing Party prepare a document-by-document log.

3   Notwithstanding the foregoing, in that instance the Producing Party does not waive its right to

4   oppose the Requesting Party's challenge and seek a court ruling regarding the requirement of

5   preparing a document-by-document log.  The production of a privilege log for a custodian or

6   department will be not less than 30 days prior to a custodian's deposition.  The parties may

7   modify the deadlines for production of privilege logs by agreement.

8        15.   <u>Service of Documents, Data and Privilege Logs</u>.  Service of documents, data and

9   privilege logs under this Order shall be made to counsel for the Requesting Party.

10       16.   <u>Discovery and Admissibility</u>.  Nothing in this Order shall be construed to affect the

11  discoverability or admissibility of any document or data.  All objections to the discoverability or

12  admissibility of any document or data are preserved and may be asserted at any time.

13  **IT IS SO ORDERED.**

14  Dated:  December 1, 2010

                                                   Jan M. Adler

                                                   United States Magistrate Judge