1

2

3

4

5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

6   STATE OF OREGON ex rel JOHN KROGER | Case No. 1010-15351
    Attorney General for the State of Oregon

7                                              STIPULATED GENERAL JUDGMENT

            Plaintiff,

8

        v.

9

10  BAYER HEALTHCARE LLC

            Defendant.

11

12

13          This Stipulated Consent Judgment (hereinafter referred to as "Judgment") is entered into

14  between the Attorneys General of the States of California, Illinois, and Oregon (hereinafter

15  referred to as "Signatory Attorneys General"), acting on behalf of their respective States, and

16  pursuant to their respective consumer protection statutes; and Bayer HealthCare LLC.

17          IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

18                              I.      DEFINITIONS

19

20          The following definitions shall be used in construing this Judgment:

21          A.      "Bayer" shall mean Bayer HealthCare LLC, all of its subsidiaries and divisions,

22  predecessors, successors, and assigns marketing Covered Products in the United States.

23          B.      "Competent and Reliable Scientific Evidence" shall mean tests, analyses,

24  research, or studies, that have been conducted and evaluated in an objective manner by qualified

25  persons and are generally accepted in the profession to yield accurate and reliable results, and

26  that is sufficient in quality and quantity based on standards generally accepted in the relevant

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1  scientific fields, when considered in light of the entire body of relevant and reliable scientific

2  evidence, to substantiate that the representation is true.

3      C.    "Covered Product" shall mean any dietary supplement in Bayer's line of One A

4  Day Multivitamins, including but not limited to One A Day Men's Health Formula and One A

5  Day Men's 50+ Advantage.

6      D.    "Covered Conduct" shall mean any and all of Bayer's promotional or marketing

7  practices or dissemination of information regarding One A Day Multivitamins through the

8  Effective Date of the Judgment.

9

10     E.    "Effective Date" shall mean the date on which a copy of this Judgment duly

11 executed by Bayer and by the Signatory Attorneys General, is approved by, and becomes an

12 Order of the Court, whichever is later.

13     F.    "Endorsement"    shall    have    the    meaning    set    forth    in    16    C.F.R.

14 § 255.0(b).

15

16     G.    "Parties" shall mean Bayer and the Signatory Attorneys General.

17     H.    "Signatory Attorney General" shall mean the Attorney General of California,

18 Illinois, or Oregon, or his or her designee.

19     I.    "State Consumer Protection Laws" shall mean the consumer protection laws

20 under which the Signatory Attorneys General have conducted their investigation.[1]

21     J.    The term "including" in this Judgment means "including without limitation."

22

23

24

25

---

26 [1] CALIFORNIA - Cal. Bus. & Prof. Code §§ 17200 *et seq. and* 17500 *et seq.*; ILLINOIS - Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* (2002); OREGON - Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605 to 646.656.

STIPULATED GENERAL JUDGMENT
Page 2 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5ᵗʰ Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

K.    The terms "and" and "or" in this Judgment shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## II.    GENERAL PROVISIONS

A.    This Judgment shall be governed by the laws of the above-named States.

B.    This Judgment reflects a negotiated agreement entered into by the Parties as their own free and voluntary act and with full knowledge and understanding of the nature of the proceedings and the obligations and duties imposed by this Judgment.

C.    By entering into this Judgment, the Parties have agreed to resolve the concerns of the Signatory Attorneys General under the State Consumer Protection Laws as to the Covered Conduct.

D.    This Judgment does not constitute an approval by any of the Signatory Attorneys General of any of Bayer's business practices, including its promotional or marketing practices, and Bayer shall make no representation or claim to the contrary.

E.    It is the intent of the Parties that this Judgment not be admissible in other cases or binding on Bayer in any respect, other than in connection with the enforcement of this Judgment. This document and its contents are not intended for use by any third party for any purpose, including submission to any court for any purpose.

F.    No part of this Judgment shall create a private cause of action or confer any right to any third party for violation of any federal or state statute, except that a State may file an action to enforce the terms of this Judgment.

G.    This Judgment sets forth the entire agreement between the Parties hereto and supersedes all prior agreements or understandings, whether written or oral, between the Parties

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   and/or their respective counsel with respect to the Covered Conduct. This Judgment may be

2   amended by written agreement between the Parties, subject to any further requirements under an

3   individual Signatory Attorney General's state law.

4        H.     This Judgment may be executed in counterparts, and by different signatories on

5   separate counterparts, each of which shall be deemed to constitute an original counterpart hereof,

6   and all of which shall together constitute one and the same Judgment. One or more counterparts

7   of this Judgment may be delivered by facsimile or electronic transmission with the intent that it

8   or they shall constitute an original counterpart hereof.

9

10  **III.    REPRESENTATIONS: ONE A DAY MEN'S AND MEN'S 50+ ADVANTAGE**

11  **CLAIMS**

12       IT IS HEREBY ORDERED that Bayer, in connection with the manufacturing, labeling,

13  advertising, promotion, offering for sale, sale, or distribution of One A Day Men's Health

14  Formula and One A Day Men's 50+ Advantage, in or affecting commerce, shall not make,

15  directly or by implication, including through the use of a product name, endorsement, depiction,

16  or illustration, any representation that such product is effective in the diagnosis, cure, mitigation,

17

18  treatment, or prevention of any disease, subject to paragraph V below.

19       **IV.    REPRESENTATIONS: PERFORMANCE CLAIMS**

20       IT IS FURTHER ORDERED that Bayer, in connection with the manufacturing, labeling,

21  advertising, promotion, offering for sale, sale, or distribution of any Covered Product, in or

22  affecting commerce, shall not make, directly or by implication, including through the use of a

23  product name, endorsement, depiction, or illustration, any representation about the health

24

25  benefits, performance, or efficacy of any Covered Product, unless the representation is non-

26

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   misleading, and, at the time the representation is made, Bayer possesses and relies upon

2   Competent and Reliable Scientific Evidence.

3   **V.     REPRESENTATIONS:  FOOD AND DRUG ADMINISTRATION ACCEPTED**

4   **CLAIMS**

5   IT IS FURTHER ORDERED that nothing in this Judgment shall prohibit Bayer from

6   making any representation if:

7

8   a.     the product that is the subject of the representation is covered by a final OTC drug

9   monograph promulgated by the Food and Drug Administration (FDA) for such use, and

·10   conforms to the conditions of such use; or

11   b.     the product that is the subject of the representation remains covered by a tentative

12   final OTC drug monograph for such use, and adopts the conditions of such use; or

13   c.     the product that is the subject of the representation is approved pursuant to a new

14   drug application for such use by FDA, and conforms to the conditions of such use; or

15

16   d.     such representation is an approved or authorized health claim permitted by

17   regulations promulgated by, or notification-letters issued by, the Food and Drug Administration,

18   pursuant to the Nutrition Labeling and Education Act of 1990 or the FDA Modernization Act of

19   1997, and is compliant with such regulations or notification-letters; or

20   e.     such representation is a non-misleading qualified health claim and is permitted by

21   an enforcement discretion letter published by the Food and Drug Administration, pursuant to the

22   Nutrition Labeling and Education Act of 1990. After FDA publishes an enforcement discretion

23   letter, Bayer shall monitor the available scientific evidence that is the basis of the qualified

24   health. If, in light of the entire body of such evidence, the qualified health claim permitted by

25

26   the enforcement discretion letter is no longer accurate, Bayer shall not utilize such qualified

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   health claim; provided, however, that Bayer shall have a commercially reasonable period of time

2   to make necessary changes to its marketing, advertising, and promotional materials, and its

3   labeling and packaging; or

4       f.      such representation is a non-misleading statement made in accordance with 21

5   U.S.C. § 343(r)(6) and, at the time the representation is made, Bayer possesses and relies upon

6   Competent and Reliable Scientific Evidence.

7

8       **VI.  DISBURSEMENT OF PAYMENTS: PAYMENT TO THE STATES**

9       A.      Within thirty (30) days of the Effective Date of this Judgment, Bayer shall pay

10  $3,300,000.00 to the States by electronic fund transfer made payable to the Oregon Attorney

11  General's Office, which shall divide and distribute these funds as designated by and in the sole

12  discretion of the Signatory Attorneys General.  Said payment shall be used by the States for

13  attorneys' fees and other costs of investigation and litigation, or to be placed in, or applied to,

14  the consumer protection enforcement fund, consumer education or litigation or local consumer

15  aid or revolving fund, used to defray the costs of the inquiry leading hereto, or for other uses

16

17  permitted by state law, at the sole discretion of each Signatory Attorney General.[2]  Nothing in

18  this Judgment constitutes any agreement by the Parties concerning the characterization of the

19  amounts paid pursuant to this Judgment for purposes of the Internal Revenue Code or any state

20  tax laws.

21

22      **VII.   REPRESENTATIONS AND WARRANTIES**

23      A.      Bayer acknowledges that it is a proper party to this Judgment.  Bayer further

24  warrants and represents that the individual signing this Judgment on behalf of Bayer is doing so

25

26  _____

[2] Oregon's share shall be deposited to the account established pursuant to Or. Rev. Stat. § 180.095.

STIPULATED GENERAL JUDGMENT
Page 6 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1    in his or her official capacity and is fully authorized by Bayer to enter into this Judgment and to

2    legally bind Bayer to all of the terms and conditions of the Judgment.

3          B.    Each Signatory Attorney General warrants and represents that he or she is signing

4    this Judgment in his or her official capacity, and that he or she is fully authorized by his or her

5    State to enter into this Judgment, including but not limited to the authority to grant the release

6    contained in Section VIII of this Judgment, and to legally bind his or her State to all of the terms

7    and conditions of this Judgment.

8

9          C.    Each of the Parties represents and warrants that it negotiated the terms of this

10   Judgment in good faith.

11                              **VIII.  RELEASE**

12         A.    Subject to the reservations set forth in Paragraph VIII.C. below, by execution of

13   this Judgment, each Signatory Attorney General releases and forever discharges, to the fullest

14   extent permitted by law, Bayer and all of its past and present officers, directors, shareholders,

15   employees, affiliates, subsidiaries, predecessors, assigns and successors (hereinafter referred to

16

17   collectively as the "Released Parties"), from the following: all civil claims, causes of action,

18   counterclaims, set-offs, demands, actions, suits, rights, liabilities, damages, restitution, fines,

19   costs, and penalties under the State Consumer Protection Laws arising from the Covered

20   Conduct that were or could have been asserted against the Released Parties by the Signatory

21   Attorneys General on or before the Effective Date of this Judgment.  This release does not apply

22   to any conduct occurring after the Effective Date of this Judgment.

23

24         B.    The Signatory Attorneys General acknowledge by their execution hereof that this

25   Judgment terminates their investigations under the State Consumer Protection Laws into the

26   Covered Conduct prior to and including the Effective Date of this Judgment.

STIPULATED GENERAL JUDGMENT
Page 7 of 19
DAH, DM2270992

C.     Notwithstanding any term of this Judgment, specifically reserved and excluded from Paragraphs VIII.A. and VIII.B. as to any entity or person, including Released Parties, are any and all of the following:

a.     Any criminal liability that any person or entity, including Released Parties, has or may have to any or all of the Signatory Attorneys General;

b.     Any civil or administrative liability that any person or entity, including Released Parties, has or may have to any or all of the Signatory Attorneys General, under any statute, regulation or rule not expressly covered by the release in Paragraphs VIII.A. and VIII.B., including, but not limited to, any and all of the following claims:

(i)     State or federal antitrust violations;

(ii)    Medicaid violations, including federal Medicaid drug rebate statute violations, Medicaid fraud or abuse, and/or kickback violations related to any State's Medicaid program;

(iii)   State false claims violations; and,

(iv)    Claims to enforce the terms and conditions of this Judgment.

c.     Any liability under the State Consumer Protection Laws, which any person or entity, including Released Parties, has or may have to individual consumers or State program payors of said States, and which have not been specifically enumerated as included herein.

## IX.     NO ADMISSION OF LIABILITY

A.     This Judgment is a compromise and does not constitute an admission by Bayer for any purpose, of any fact or of a violation of any state law, rule, or regulation, nor does this Judgment or the contents thereof constitute evidence of any liability, fault, or wrongdoing.

STIPULATED GENERAL JUDGMENT
Page 8 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5ᵗʰ Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   Bayer does not admit any violation of the State Consumer Protection Laws, and does not admit

2   any wrongdoing that has or could have been alleged by the Signatory Attorneys General under

3   those laws before or on the Effective Date.  Bayer does not admit that it has violated the law as

4   alleged in the Complaint or that the facts alleged in the Complaint are true.

5       B.      This Judgment shall not be construed or used as a waiver or any limitation of any

6   defense otherwise available to Bayer in any action, or of Bayer's right to defend itself from, or

7   make any arguments in, any private individual, regulatory, governmental, or class claims or suits

8

9   relating to the Covered Conduct or terms of this Judgment.  This Judgment is made without trial

10  or adjudication of any issue of fact or law or finding of liability of any kind.  Nothing in this

11  Judgment, including this paragraph, shall be construed to limit or to restrict or to preclude

12  Bayer's right to use this Judgment to assert and maintain the defenses of res judicata, collateral

13  estoppel, payment, compromise and settlement, accord and satisfaction, or any other legal or

14  equitable defenses in any pending or future legal or administrative action or proceeding.

15

16          X.      DISPUTES REGARDING COMPLIANCE

17      A.      For the purposes of resolving disputes with respect to compliance with this

18  Judgment, should any of the Signatory Attorneys General have legally sufficient cause to believe

19  that Bayer has violated a provision of this Judgment subsequent to the Effective Date, then such

20  Signatory Attorney General shall notify Bayer in writing of the specific objection, identify with

21  particularity the provisions of this Judgment that the practice appears to violate, and give Bayer

22  thirty (30) business days to respond to the notification; provided, however, that any Signatory

23  Attorney General may take any action where the Signatory Attorney General concludes that,

24

25  because of the specific practice, a threat to the health or safety of the public requires immediate

26  action.  Upon receipt of written notice from a Signatory Attorney General, Bayer shall provide a

good-faith written response to such Signatory Attorney General notification, containing either a statement explaining why Bayer believes it is in compliance with the Judgment or a statement explaining how Bayer intends to remedy the alleged breach.

B.      Upon giving Bayer thirty (30) business days to respond to the notification described in Paragraph X.A. above, such Signatory Attorney General shall be permitted to serve a document request for relevant, non-privileged, non-work-product records and documents in the possession, custody, or control of Bayer that relate to Bayer's compliance with each provision of this Judgment.  In response to that document request, Bayer will make responsive documents available to the requesting Signatory Attorney General.

## XI.     PENALTIES FOR FAILURE TO COMPLY

A.      The Signatory Attorneys General may assert any claim that Bayer has violated this Judgment in a separate civil action to enforce compliance with this Judgment, or may seek any other relief afforded by law, but only after providing Bayer an opportunity to respond as described in Paragraph X.A. above; provided however, that a Signatory Attorney General may take any action if there is a reasonable basis to believe that, because of the specific practice, a threat to the health or safety of the public requires immediate action.

B.      In any such action or proceeding, relevant evidence of conduct that occurred before the Effective Date shall be admissible on any material issue, including alleged willfulness, intent, knowledge, contempt or breach, to the extent permitted by law.   Bayer does not waive any objection it may have to the admissibility of any such evidence, as permitted by law.

## XII.    COMPLIANCE WITH ALL LAWS

A.      Except as expressly provided in this Judgment, nothing in this Judgment shall be construed as:

STIPULATED GENERAL JUDGMENT
Page 10 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

a.    Relieving Bayer of its obligation to comply with all applicable state laws, regulations or rules, or granting permission to engage in any acts or practices prohibited by such law, regulation or rule; or

b.    Limiting or expanding in any way any right the State may otherwise have to enforce applicable state law or obtain information, documents or testimony from Bayer pursuant to any applicable state law, regulation, or rule, or any right Bayer may otherwise have to oppose any subpoena, civil investigative demand, motion, or other procedure issued, served, filed, or otherwise employed by the State pursuant to any such state law, regulation, or rule.

## XIII.   NOTICES UNDER THIS JUDGMENT

A.    Any notices that must be sent to the State or to Bayer under this Judgment shall be sent by overnight United States mail.  The documents shall be sent to the following addresses:

For Oregon:

David Anthony Hart

Senior Assistant Attorney General

1515 SW 5th Ave., Suite 410

Portland, Oregon

Salem, Oregon 97201

Telephone: 971.673.1880

Facsimile: 971.673.1902

For California:

Judith Fiorentini

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   Deputy Attorney General

2   California Attorney General's Office

3   110 West A Street, Suite 1100

4   San Diego, California 92101

5   Telephone: 619.645.2207

6   Facsimile: 619.645.2062

7

8

9   For Illinois:

10   James D. Kole

11   Chief, Consumer Fraud Bureau

12   100 W. Randolph Street, 12th Floor

13   Chicago, Illinois 60601

14   Telephone: 312.814.5018

15

16   Facsimile: 312.814.2593

17

18   For Bayer:

19   William Hawxhurst, Esquire

20   Bayer Healthcare LLC

21   36 Columbia Rd.

22   Morristown, NJ 07960

23   Telephone: 973.254.5000

24

25   Facsimile: 973.408.8000

26   and

STIPULATED GENERAL JUDGMENT
Page 12 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1   Kristin Graham Koehler, Esquire

2   Sidley Austin LLP

3   1501 K Street, N.W.

4   Washington, D.C. 20005

5   Telephone: 202.736.8359

6   Facsimile: 202.736.8711

7

## XIII.   MONEY AWARD SUMMARY

8

9   A. **Judgment Creditor:** STATE OF OREGON, ex rel John Kroger, Attorney General for

10   the STATE OF OREGON.

11

      a.   **Address of Judgment Creditor:**   Oregon Department of Justice, 1515 SW

12

13   Fifth Avenue, Portland, OR 97201-5451.

14         b.   **Judgment Creditor's Attorney:**   David A. Hart, OSB No. 00275, Senior

15   Assistant Attorney General.

16         c.   **Address of Judgment Creditor's Attorney:**   Oregon Department of

17   Justice, 1515 SW Fifth Avenue, Portland, OR 97201-5451.  Telephone: (971)

18   673-1800.

19

**Judgment Debtor:**   Bayer Healthcare LLC

20

      d.   **Address of Judgment Debtor:**   555 White Plains Rd., Tarrytown, NY

21

22         e.   **Date of Birth:**   N/A.

23         f.   **Social Security Number:**   N/A.

24         g.   **Driver's License No./State of Issuance:**   N/A.

25         h.   **Judgment Debtor's Attorney:** Anne M. Talcott, Esq.

26

STIPULATED GENERAL JUDGMENT
Page 13 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1

    i. **Address of Judgment Debtor's Attorney:** Schwabe, Williamson &

2

Wyatt, 1211 SW 5th Ave., Ste. 1900, Portland, OR 97204, Telephone:

3

503.796.2991

4

B. **Other person(s) or public body entitled to a portion of payment:** States of

5

California and Illinois (to be divided per agreement among the States).

6

C. **Principal Amount of Judgment:** $3,300,000.00.

7

D. **Pre-judgment Interest:** None.

8

9

E. **Post-judgment Interest:** At the rate of 9% (nine percent) per annum thereof from the

10

date 30 days after entry of Judgment.

11

F. **Attorneys Fees:** N/A.

12

G. **Restitution:** N/A.

13

**IT IS SO STIPULATED:**

14

15

16

17

18

19

20

21

22

23

24

25

26

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

## DEFENDANT'S SIGNATURES AND ACKNOWLEDGMENTS

1

2       Defendant and Defendant's attorneys have read and understand this Stipulated General

3 Judgment and each of its terms.  Defendant admits to the jurisdiction of the Court in this matter

4 and consents to the entry of this Stipulated General Judgment.

5 FOR BAYER:

6

| | |
|---|---|
| By: _____<br>Timothy G. Hayes<br>Senior Vice President and Region Head<br>North America<br>Bayer HealthCare LLC<br>36 Columbia Road<br>Morristown, NJ  07962-1910<br>Telephone:  973.254.5000<br>Facsimile:  973.408.8000 | Date: _21  OCT  2010_____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

| | |
|---|---|
| Approved as to form: | |

1

2

3

4  By: _Kristin Graham Koehler_     Date: _10/20/10_

5  Kristin Graham Koehler, Esquire
   Sidley Austin LLP

6  1501 K Street, N.W.
   Washington, D.C. 20005

7  Telephone: 202.736.8359
   Facsimile: 202.736.8711

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED GENERAL JUDGMENT
Page 16 of 19
DAH, DM2270992

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

1

2

Approved as to form:

3

4  By: _____
   Anne M. Talcott, Esquire

5  Schwabe, Williamson & Wyatt

6  1211 SW 5th Ave., Ste. 1900
   Portland, OR 97204

7  Telephone: 503.796.2991
   Facsimile: 503.796.2900

8

9

10

11

Date: _Oct 19, 2010_

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

**ACCEPTANCE OF DOJ**

1

2

3    Accepted this 25th day of October, 2010.

4                                        JOHN R KROGER
                                         Attorney General
5

6

7                                        David Hart #00275
                                         Senior Assistant Attorney General
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEPARTMENT OF JUSTICE
1515 SW 5th Ave, Suite 410
Portland, OR 97201-5451
(971) 673-1880 / FAX (971) 673-1884

*Case No 1010-95551*

1

2

3    **IT IS SO ADJUDGED AND ORDERED:**

4    DATED this _____ day of _OCT 2 6 2010_ , 2010.

5

6                              /s/ Judge Angel Lopez
                               _____
7                              CIRCUIT COURT JUDGE

8                              Acting Presiding Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED GENERAL JUDGMENT                    **DEPARTMENT OF JUSTICE**
Page 19 of 19                                  1515 SW 5th Ave, Suite 410
DAH, DM2270992                                 Portland, OR 97201-5451
                                               (971) 673-1880 / FAX (971) 673-1884