BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

BONNETT, FAIRBOURN,
 FRIEDMAN & BALINT, P.C.
TODD D. CARPENTER (234464)
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 756-6978
Facsimile: (602) 798-5860
        - and -
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012-3311
Telephone: (602) 274-1100
Facsimile: (602) 798-5825

Rule 23(g) Appointed Counsel for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNS, an Individual, and MARC BORDMAN, an Individual, on Behalf of Themselves, All Others Similarly Situated, and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION, an Indiana Corporation and BAYER HEALTHCARE, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No.: 3:09-cv-01935-AJB(DHB)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF TAKING FED. R. CIV. P. 30(b)(6) DEPOSITION OF BAYER REGARDING SALES AND EXPENSES**<br><br>Date:        None Set (D.E. No. 118)<br>Time:       None Set (D.E. No. 118)<br>Courtroom: G<br>Mag. Judge: Hon. David H. Bartick |

{00044073.V1}

Plaintiffs respectfully submit this brief setting forth their position with regarding disputes about certain sales and expenses subject matter areas. *See* D.E. No. 118 (Order Following Discovery Conference). Plaintiffs' Rule 30(b)(6) notice is attached as Exhibit A.

**I.     INTRODUCTION**

On February 3, 2012, the Court certified claims under Cal. Bus. & Prof. Code § 17200 (the "UCL"), and Cal. Civ. Code § 1750 (the "CLRA") on behalf of:

> [A]ll persons who purchased the Men's Vitamins [collectively, Bayer's Men's Health Formula, Bayer's One A Day Men's 50+ Advantage] in the state of California from the date the Men's Vitamins were first sold in California with "prostate health" claims to May 31, 2010.

D.E. No. 105 (Order Granting Plaintiffs' Motion for Class Certification) at 2, 12. The requested testimony and information will likely lead to admissible evidence about the materiality of the subject prostate health advertising claim and will permit plaintiffs' expert to provide complete his damages and restitution report. Bayer refuses to provide the information, standing on baseless objections about scope and re-argues a motion to strike it already lost.

The UCL and CLRA permit broad equitable relief, including restitution, injunctive relief and corrective advertising. "Damages" (both compensatory and punitive) also are available under the CLRA. The available remedies are wide-ranging and varied:

> Because the damages provision of the CLRA is to compensate for actual loss, and restitution under the false advertising and unfair competition laws are for different purposes – deterrence and restoration of property acquired unlawfully – a trial court could, when assessing *damages* under the CLRA, apply standards different from those the trial court might use when ordering *restitution* under the false advertising or unfair competition laws.

*Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 696 (2006). Under the UCL, appropriate restitution may be any amount up to and including the retail price paid. *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 453 (2005) ("In the context of the UCL, restitution is limited to the return of property or funds in which the plaintiff has an ownership interest."). For example, this Court held that seeking "disgorgement of Defendants' profits from sales of the Products," was proper because under the UCL "disgorgement is available to the extent it is restitutionary." *See* D.E. No. 21 at 5 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29

Cal. 4th 1134, 1148 (2003)).[1] In fact, Bayer has never argued – because it cannot – that Class members have an ownership in some amount less than the full retail price paid. Despite the Court's previous order, Bayer now refuses to provide a deponent on topics relating to its costs and profits from the Men's Vitamins.

Bayer's damages expert improperly makes the legal argument that plaintiffs must "isolate the value of the prostate health claim." D.E. No. 79-3 at ¶II(9)(c). Likewise, Bayer argues that its wholesale revenue data does not support a damages or restitution theory (D.E. No. 79 at 27), and awarding full retail price restitution is improper (*id.*). But Bayer also seeks to deny plaintiffs the requested information, thereby preempting any ability for plaintiffs to present alternative measures of damages and restitution. Bayer wants to limit plaintiffs to wholesale and retail data, and then argue that plaintiffs cannot seek damages (under the CLRA) or restitution (under the UCL or CLRA) equaling the full wholesale or retail sales amount because it would reap a "windfall" to plaintiffs and Class members who received "some value" from the Men's Vitamins.[2]

Each of the Deposition Notice subject matters seeks relevant information and has been requested by plaintiffs' expert. Given the June 15, 2012, expert report deadline, Bayer should be ordered to provide a designee to testify on each of the subject matters by May 11, 2012.

## II.     RELEVANT FACTUAL BACKGROUND[3]

Plaintiffs originally served the Rule 30(b)(6) sales and expenses deposition notice on September 20, 2011, but given Bayer's objections that the notice was "blatantly premature" before a class was certified, plaintiffs agreed to postpone the deposition.[4] On March 22, 2012,

---

[1] *See also Corbett v. Sup. Ct.*, 101 Cal. App. 4th 649, 671 ( ) ("allowing the defendants to retain any portion of their illicit profits would 'impair the full impact of the deterrent force that is *essential* if adequate enforcement' of the UCL is to be achieved") (emphasis added).

[2] Bayer's counsel states that *Colgan* supports its position. Not so. *Colgan* clarified that evidence must support the restitution award. 135 Cal. App. 4th at 700. It is this evidence Bayer seeks to withhold.

[3] A more detailed history is in the Joint Discovery Statement re: Depositions of Bayer Witnesses. *See* D.E. No. 112

[4] Bayer now accuses plaintiffs of "waiting" between September and March to pursue the deposition. Plaintiffs took Bayer's counsel at their word when Bayer requested "that further meet and confer [about the deposition] be postponed until after the Court has ruled on

{00044073.V1}                                    2

1  and following the order granting class certification, plaintiffs re-noticed the deposition for April 6, 2012. Plaintiffs made slight modifications to some of the original topics to account for documents produced or identified after service of the original notice, the parties' meet and confer discussions about scope and input from plaintiffs' damages expert.

As directed by the Court, on April 2, 2012, the parties conducted a further meet and confer about each of the noticed topics. *See* Ex. B (emails memorializing meet and confer). The topics relate to the following aspects of Bayer's Men's Health Formula, Bayer's One A Day Men's 50+ Advantage, Bayer's other multivitamin products, and other multivitamin products in the market: (1) Bayer's wholesale sales; (2) retail sales; (3) Bayer's expenses (i.e., costs of goods sold or advertising expenses); and (4) Bayer's profits or losses.[5] Bayer proposed providing declarations and documents with respect to the sub-categories relating to Bayer's wholesale sales, and the retail sales for the Men's Vitamins and other multivitamin products that it collects from third-parties. If done immediately, and subject to review of the declarations and documentation, plaintiffs have agreed with Bayer's proposal on retail and wholesale sales topics. However, Bayer refuses to respond to the remainder of the Deposition Notice. At this point, the most efficient method of obtaining this information is by deposition, without filtering by Bayer's attorneys.

**III.  RESTITUTION AND DAMAGES UNDER THE UCL AND CLRA**

Bus. & Prof. Code §17203 provides the "court may make such orders or judgments…as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." The court has "broad discretionary power to order restitutionary relief" under § 17203. *Fletcher v. Security Pacific National Bank*, 23 Cal. 3d 442, 452 (1979); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1368 n.9 ("if the trial court ultimately determined that Chevron had

---

Plaintiffs' Motion for Class Certification." *See* Ex. C (Nov. 9, 2011 letter from Julie Hussey).
[5]     During the April 4, 2012, discovery conference with the Court, Bayer's counsel stated that the Deposition Notice contains between 100 and 200 topics and will require that Bayer's counsel interview between 25 and 50 employees. This hyperbole should be ignored. The topics overlap and represent basic financial information that is routinely gathered and calculated in any publically traded company as part of basic financial controls.

{00044073.V1}                                              3

1  committed an unfair or deceptive business practice, it would have 'very broad' discretion to
2  formulate an appropriate remedy"). Under the UCL, individualized proof of injury is not
3  required. *Tobacco II*, 46 Cal. 4th at 326.

4  "A court of equity may exercise its full range of powers in order to accomplish
5  complete justice between the parties, restoring if necessary the *status quo ante* as nearly as
6  may be achieved." *Fletcher*, 23 Cal. 3d at 452. To achieve the UCL's goal of restoring the
7  status quo ante, a restitution order may properly place "money that once had been in the
8  possession of the person to whom it was to be restored." *Cortez v. Purolator Air Filtration*
9  *Prods. Co.*, 23 Cal. 4th 163, 177 (2000); *see also Korea Supply*, 29 Cal. 4th at 1149 (same).

10  "[O]rders for restitution are those compelling a UCL defendant to return money
11  obtained through an unfair practice to those persons in interest from whom the property was
12  taken." *People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 134 (2003)
13  (citing *Kraus v. Trinity Mgmt. Svcs., Inc.*, 23 Cal. 4th 116, 126-27 (2000)). Therefore, UCL
14  restitution can properly place plaintiff in a **better position** than they would have achieved
15  absent the unfair or deceptive conduct. *Beaumont*, 111 Cal. App. 4th at 112, 133-34. A court
16  may properly award restitution even though it may potentially permit plaintiffs who were not
17  deceived to receive a refund. For example, in *Fremont*, the Court of Appeal held that
18  refunding the entire amounts of deceptive insurance premiums to all Class members was not
19  an abuse of discretion and would not "provide an unfair windfall to consumers who were not
20  deceived" because "the rule that restitution under the UCL may be ordered without
21  individualized proof of harm is well settled." *Fremont*, 104 Cal. App. 4th at 532.

22  In addition to restitution, the CLRA provides for actual damages, punitive damages,
23  injunctive relief, and "any other relief that the court deems proper." Civil Code § 1780(a).

24  **IV.   BAYER'S PROFITS, LOSSES, AND EXPENSES ARE RELEVANT**

25  This Court previously ruled that Bayer's profits may properly constitute restitutionary
26  disgorgement. *See* Supra, §I. Moreover, any amount less than the retail price of the Men's
27  Vitamins – i.e., Bayer's gross margin or the cost of selenium or lycopene – is less than the full
28  amount of money plaintiffs and the Class paid to Bayer, and is thus an amount obtainable

{00044073.V1}            4

1  under the UCL.  For example, the Court may reasonably find that an amount less than the full
2  retail price is necessary "to deter future violations of the unfair trade practice statute and to
3  foreclose retention by the violator of its ill-gotten gains."  *Cortez*, 23 Cal. 4th at 177; *Fletcher*,
4  23 Cal. 3d at 449.  Bayer's objections "overlook[] the true breadth of the [UCL]" which
5  authorizes restitution of any money that "***may have been*** acquired by means of any…[illegal]
6  practice."  *Id.* at 451 (emphasis in original).  Restitution is also appropriate under the CLRA,
7  as are compensatory and punitive damages, and "any other relief that the court deems proper."
8  Civil Code § 1780(a).

9  Although the Court recognized that the UCL does not require individualized Class
10 member reliance, plaintiffs must show that Bayer's representations were "material."  One way
11 to establish inferentially materiality is with evidence about the amount of money Bayer spent
12 advertising the Men's Vitamins with prostate health claims.  If Bayer spent years and millions
13 of dollars promoting the prostate message – especially if more was spent on this message than
14 others, a fact finder could reasonably infer that Bayer, too, believes the message to be material
15 to consumers.

16 Moreover, the Court may order corrective advertising, which is properly derived from
17 the amount that Bayer spent advertising the Men's Vitamins.  *See Adray v. Adray-Mart, Inc.*,
18 76 F.3d 984, 989 n.2 (9th Cir. 1995) (amount for corrective advertising is derived from the
19 party's advertising budget); *Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*, 4
20 Cal. App. 4th 963, 972-73 (1992) (§17203 permits the court to order corrective advertising).

21 **V.     CONCLUSION**

22 Bayer's objections to the Deposition Notice should be denied, and it should be ordered
23 to identify designee(s) by April 30, 2012, for the deposition, which should take place no later
24 than May 11, 2012.

25 Respectfully submitted,

26
27
28

{00044073.V1}                              5

| | | |
|---|---|---|
| 1 | Dated:  April 16, 2012 | BLOOD HURST & O'REARDON, LLP<br>TIMOTHY G. BLOOD |
| 2 | | THOMAS J. O'REARDON II |
| 3 | | By:           /s/ *Timothy G. Blood*<br>TIMOTHY G. BLOOD |
| 4 | | |
| 5 | | 701 B Street, Suite 1700<br>San Diego, CA  92101<br>Telephone:  619/338-1100 |
| 6 | | 619/338-1101 (fax) |

BONNETT, FAIRBOURN,
  FRIEDMAN & BALINT, P.C.
TODD D. CARPENTER (CA 234464)
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 756-6978
Facsimile: (602) 798-5860
tcarpenter@bffb.com

BONNETT, FAIRBOURN,
  FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN (AZ 005425)
ELAINE A. RYAN (AZ 012870)
PATRICIA N. SYVERSON
  (CA 203111; AZ 020191)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012-3311
Telephone: (602) 274-1100
Facsimile: (602) 798-5825
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
  (admitted *Pro Hac Vice*)
6151 Wilson Mills Road, Suite 110
Highland Heights, OH 44143
Telephone: (216) 931-7000
Facsimile (216) 931-9925
frank@feplaw.com

CLIMACO, WILCOX, PECA
  TARANTINO & GAROFOLI CO., L.P.A.
JOHN A. PECA (admitted *Pro Hac Vice*)
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: (216) 621-8484
Facsimile:  (216) 771-1632
japeca@climacolaw.com

Attorneys for Plaintiffs and the Class

{00044073.V1}                                              6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 16, 2012.

/s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

{00044073.V1}   7