UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNS et al., | | Civil No.   09-cv-1935-AJB (DHB) |
| | Plaintiffs, | |
| | | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FED. R. CIV. P. 30(b)(6) DEPOSITION OF BAYER REGARDING SALES AND EXPENSES** |
| | v. | |
| BAYER CORPORATION, et al., | | |
| | Defendants. | [ECF No. 122] |

On April 4, 2012, the Court held a Discovery Conference during which counsel for the parties advised the Court that they had come to an impasse with respect to certain subject matters contained in Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Bayer Regarding Sales and Expenses and Fed. R. Civ. P. 30(b)(2) Document Requests ("Deposition Notice").  The Court ordered that the parties each submit briefs setting forth their respective positions concerning the disputed Rule 30(b)(6) deposition subject matter areas.  (ECF No. 118.)  On April 16, 2012, the parties timely submitted their briefs.  (ECF Nos. 122, 125.)[1]  Based upon a careful review of the parties' papers and for the following reasons, Plaintiffs' motion to compel[2] is hereby **GRANTED.**

---

[1] The Court's briefing schedule required the parties to submit their briefs no later than April 15, 2012 (a Sunday). Counsel were subsequently advised telephonically that the briefs would be considered timely if received on or before the following Monday, April 16, 2012. Defendants timely submitted their brief directly to the Magistrate Judge's chambers via e-mail on April 16, 2012 and electronically filed their brief on April 25, 2012.

[2] While Plaintiffs have not technically filed a motion to compel the Rule 30(b)(6) deposition of Bayer, the Court construes the parties' dispute and subsequent briefing as a motion to compel.

# I.

# **BACKGROUND**

David Johns and Marc Bordman (collectively, "Plaintiffs") bring this class action against Bayer Corporation and Bayer Healthcare, LLC (collectively, "Bayer") on behalf of themselves and a class certified by the Honorable Anthony J. Battaglia on February 3, 2012. Plaintiffs assert causes of action under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

Bayer sells the popular "One A Day" line of multivitamins. Plaintiffs challenge statements Bayer made about its One A Day Men's Health Formula and One A Day Men's 50+ Advantage vitamins (collectively, "Men's Vitamins"). Specifically, Bayer's Men's Vitamins packaging and advertising states that taking Men's Vitamins daily would "support prostate health." Bayer asserted that its Men's Vitamins provided the prostate health benefit because they contained the antioxidant lycopene and, later, the trace mineral selenium.

Plaintiffs allege that for this promised material benefit, Bayer charged a price premium over other multivitamins, but that in truth, the Men's Vitamins did not provide any prostate health benefits. In fact, according to Plaintiffs, recent clinical studies have shown that for some men, increased selenium consumption may increase their prostate cancer risk.

Plaintiffs claim that Bayer's decision to focus on the prostate health claim was a direct result of its market research into what would sell—not a decision based on a competent and reliable scientifically supported benefit to the consumer. Despite the promise of improved prostate health, Plaintiffs allege that throughout the class period, Bayer never had credible and reliable scientific support for the promise.

Bayer denies Plaintiffs' allegations that the prostate health representations contained in its Men's Vitamins packaging and advertising was not supported by competent and reliable scientific evidence. Bayer further denies Plaintiffs' allegations that Bayer charged a premium over other comparable multivitamins.

/ / /

/ / /

/ / /

## II.

## **DISCOVERY DISPUTE**

Presently before the Court is a dispute between the parties concerning Plaintiffs' Deposition Notice. Specifically, Plaintiffs seek to take Bayer's deposition on various topics relating to the Men's Vitamins including Bayer's annual cost of goods sold; annual cost of selenium and lycopene; annual advertising, promotion, research and development expenses; and annual operating profits and gross margins. Plaintiffs' Deposition Notice also requests production of documents from Bayer on similar topics. Specifically, the parties disagree over the following:

Rule 30(b)(6) Subject Matters[3]

1. The data kept and maintained in Bayer's ordinary course of business that relates to revenues, profits and/or loses [sic], cost of goods sold, profit margin, and retail pricing attributable to the sale of Bayer's Men's Health Formula and Bayer's One A Day Men's 50+ Advantage throughout the relevant time period.

5. The annual cost of goods sold attributable to the sale of Bayer's Men's Health Formula in California throughout the relevant time period.

6. The annual cost of goods sold attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

7. The annual cost of selenium attributable to Bayer's Men's Health Formula in California throughout the relevant time period.

8. The annual cost of selenium attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

9. The annual cost of lycopene attributable to Bayer's Men's Health Formula in California throughout the relevant time period.

10. The annual cost of lycopene attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

11. The annual advertising and promotion expenses attributable to Bayer's Men's Health Formula in California throughout the relevant time period.

12. The annual advertising and promotion expenses attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

13. The annual research and development expenses attributable to Bayer's Men's Health Formula in California throughout the relevant time period.

---

[3]A copy of the Deposition Notice is attached as Exhibit A to Plaintiffs' brief. (ECF No. 122-1.) Bayer contends that the issues in dispute are limited to Subject Matters 5-10, 15-18 and 28-32, and Document Requests 4-5 and 13-14. However, upon review of the Deposition Notice and the parties' meet and confer correspondence (ECF No. 122-2), the Court concludes that Subject Matters 1 and 11-14 are also in dispute and encompassed within Plaintiffs' motion to compel.

14. The annual research and development expenses attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

15. The annual operating profit, or lack thereof, attributable to Bayer's One A Day Men's 50+ Advantage in California throughout the relevant time period.

16. The annual operating profit, or lack thereof, attributable to Bayer's Men's Health Formula in California throughout the relevant time period.

17. The annual gross margin for Bayer's Men's Health Formula and all of your other multivitamin products, including sub-brands throughout the relevant time period.

18. The annual gross margin for Bayer's One A Day Men's 50+ Advantage and all of your other multivitamin products, including sub-brands throughout the relevant time period.

28. Where the data utilized to generate the costs of goods sold, operating income, and gross margins is maintained, and who maintains it.

29. The software of systems that are utilized to prepare and/or compute data regarding revenue, and profits and/or losses regarding the sales of your Men's Vitamins.

30. What systems or safeguards, if any, are in place to assure the data regarding revenue, profits and/or losses, gross margin, and cost of goods sold is accurate and reliable attributable to the sale of your Men's Vitamins.

31. The specific accounting processes utilized to generate the data regarding revenue, profits and/or losses, cost of goods sold, and gross margins attributable to the sale of your Men's Vitamins.

32. All assumptions that are made with respect to the data regarding revenue and profits and/or losses attributable to the sale of your Men's Vitamins. If so, why the assumptions are made.

Rule 30(b)(2) Document Requests

4. Documents summarizing by year, the gross profit margin for Bayer's Men's Health Formula, your other multivitamin products, including sub-brands, and other multivitamin products throughout the relevant time period.

5. Documents summarizing by year, the gross profit margin for Bayer's One A Day Men's 50+ Advantage, your other multivitamin products, including sub-brands, and other multivitamin products throughout the relevant time period.

13. Monthly manufacturing cost statements for the Men's Vitamins and all of your other multivitamin products, including sub-brands and each of their counter-varieties throughout the relevant time period.

14. Monthly detailed profit and loss statements for the Men's Vitamins and all of your other multivitamin products throughout the relevant time period.

/ / /

/ / /

# III.

# DISCUSSION

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

### B.  Plaintiffs' Position

Plaintiffs generally contend that the requested information is relevant to the materiality of Bayer's prostate health advertising and that it will allow Plaintiffs's expert to opine as to the appropriate measure of damages and restitution. Plaintiffs' principal arguments are that the Court has broad discretion to fashion an appropriate remedy, both the UCL and the CLRA permit a prevailing plaintiff to recover restitution, and the requested information going to Bayer's profits generated by the Men's Vitamins is relevant to Plaintiffs' claim for *restitutionary disgorgement*.

### C.  Bayer's Position[4]

Bayer generally contends that evidence of its costs of goods sold, profits and margins is not relevant to the issues in this litigation and is therefore not discoverable. Bayer argues that, assuming Plaintiffs can prevail on their claim that the Men's Vitamins provided no support for prostate health to the class, Plaintiffs may only recover the difference between what the class paid for the Men's Vitamins and what the class would have paid for the Men's Vitamins absent the alleged misrepresentations concerning prostate health. Bayer contends that an order of restitution based on its cost of goods sold, profits and margins would amount to improper *non-restitutionary disgorgement*.

/ / /

/ / /

---

[4] The Court notes that during the April 4, 2012 Discovery Conference, counsel for Bayer contended that the disputed subject matters were overly burdensome. However, aside from counsel's representations, Bayer has not presented the Court with any evidence of undue burden. Accordingly, the Court finds that Bayer's claim that responding to the Deposition Notice would be unduly burdensome is not grounds for denying Plaintiffs' motion to compel.

### D. Analysis

In essence, the instant discovery dispute centers around whether evidence of Bayer's profits generated by the sale of its Men's Vitamins is proper in determining the measure of restitution Plaintiffs would be entitled to if they prevail on their claims. Plaintiffs say that it is. Bayer says that it is not. In resolving the instant discovery dispute, the Magistrate Judge is careful to avoid making a determination as to which parties' measure of restitution should be applied in this case. Such determination is the province of the District Judge assigned to this matter. However, for the reasons stated below, Plaintiffs should not now be precluded from seeking the evidence in which they may later use to support their claim for restitutionary disgorgement.

As noted, the parties differ as to whether Plaintiffs' proffered measure of damages amounts to improper non-restitutionary disgorgement. As Judge Battaglia previously recognized in this litigation, "[a]lthough Defendants are correct that nonrestitutionary disgorgement is unavailable under the UCL, disgorgement is available to the extent it is restitutionary." (ECF No. 21 at 5:10-11.) Without now deciding the scope of available restitutionary disgorgement, the Court notes that other courts have drawn a distinction between the source of the funds sought to be disgorged. For example, the California Supreme Court explained that restitution under the UCL does not require the "surrender of all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003) (quoting *Kraus v. Trinity Mgmt. Serv., Inc.*, 23 Cal. 4th 116, 127 (2000)). In contrast, however, "[u]nder the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant [by the plaintiff] or benefits in which the plaintiff has an ownership interest." *Id.* at 1148. Furthermore, the California Supreme Court "defined an order for 'restitution' as one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.'" *Id.* at 1144-45 (quoting *Kraus*, 23 Cal. 4th at 126-27); *see also Lee Myles Assoc. Corp. v. Paul Rubke Enter., Inc.*, 557 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008) ("Disgorgement of profits earned by defendants as a result of allegedly unfair practices, where the money sought to be disgorged was not

taken from the plaintiff and the plaintiff did not have an ownership interest in the money, is not authorized."); *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 462 ("[T]he money to be disgorged . . . was money taken from the victims (i.e., restitutionary disgorgement), not money obtained from third parties (nonrestitutionary disgorgement).").

Thus, because Bayer's profits for its Men's Vitamins would seemingly have originated from the class members' purchases of the products, Plaintiffs' contention that they are seeking restitutionary disgorgement of Bayer's profits is arguably accurate. Again, while it is for the District Judge to determine which measure of restitution is appropriate in this case, Plaintiffs should not be precluded from obtaining the evidence which supports a theory of restitutionary disgorgement which appears plausible on its face.

In support of its position, Bayer cites to *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009), which states that "[t]he difference between what the plaintiff paid and the value of what the plaintiff received is ***a*** proper measure of restitution." Emphasis added (citing *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 174 (2000). However, neither that case nor any other case relied upon by Bayer suggest that the difference in price paid and value received is ***the only*** proper measure of restitution.

Finally, trial courts have "broad discretion" under the UCL and CLRA to grant equitable relief and fashion an appropriate award of restitution, subject to the limitation that the remedy must be supported by substantial evidence. *See Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 700 (2006). Bayer contends that Plaintiffs' theory of restitution is improper because it is not based on a "measurable amount" supported by evidence. However, although the Court does not decide which proffered measure of restitution should apply here, it is reasonable to conclude that Bayer's profits and expenses are "measurable amounts," therefore suggesting that discovery into those figures is relevant to this litigation and discoverable.

In conclusion, the Court finds that evidence tending to support a party's theory of damages (i.e., Plaintiffs' theory of restitutionary disgorgement) is relevant to that party's claim and therefore discoverable. Moreover, the Court finds that good cause exists for the discovery of evidence of Bayer's costs of goods sold, profits and margins as it is relevant to the subject matter of this litigation.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs' motion to compel the Rule 30(b)(6) deposition of Bayer is hereby **GRANTED**. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs are entitled to take the Rule 30(b)(6) deposition of Bayer with respect to Subject Matters 1, 5-18 and 28-32 as contained in Plaintiffs' Deposition Notice.
2. Bayer shall identify the deponent(s) on or before **May 17, 2012**.
3. The deposition shall take place on or before **May 31, 2012**.
4. Plaintiffs are also entitled to receive all non-privileged documents in Bayer's possession, custody or control that are responsive to Document Requests 4-5 and 13-14 of Plaintiffs' Deposition Notice. To the extent such responsive documents have not already been produced to Plaintiffs, Bayer shall produce all such responsive, non-privileged documents on or before **May 24, 2012**.

**IT IS SO ORDERED.**

DATED: April 30, 2012

DAVID H. BARTICK
United States Magistrate Judge