UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNS, an Individual and MARC BORDMAN, an Individual, on Behalf of Themselves and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CORPORATION, an Indiana Corporation and BAYER HEALTHCARE, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Civil No.09cv1935 AJB (DHB)<br><br>ORDER GRANTING JOINT MOTION FOR APPROVAL OF CLASS NOTICE PLAN<br><br>(Doc. No. 216) |

On January 28, 2013, Plaintiffs David Johns and Marc Bondman ("Plaintiffs") and Defendants Bayer Corporation and Bayer Healthcare, LLC ("Bayer" or "Defendants") filed a joint motion for approval of the class notice plan. (Doc. No. 216.) After a careful consideration of the parties joint motion, the proposed short form notice, the proposed long form notice, and the notice plan, the Court finds the notice is sufficient to satisfy the requirements of due process and Rule 23. Accordingly, the Court GRANTS the parties joint motion and approves the class notice plan.

## ***BACKGROUND***

This is a consumer class action alleging that Bayer violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200 *et seq.*, and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ.Code § 1750 *et seq.*, by making false and/or deceptive advertising claims regarding prostate

health benefits in two of Bayer's men's One-A-Day vitamin products (the "Vitamin Product").[1] On February 3, 2012, the Court granted Plaintiffs' motion for class certification under Rule 23(b)(3), and certified a class of all persons who purchased the Vitamins Products in the State of California, from the date the Vitamin Products were first sold in California with the "prostate health" claims, until May 31, 2010 when the prostate statements were removed from the Vitamin Products.  (Doc. No. 105.) Accordingly, the Court certified two classes: 1) all persons who purchased One-A-Day Men's Health Formula  from March 2002 to May 31, 2010; and 2) all persons who purchased One-A-Day Men's 50+ Advantage from April 2007 to May, 31, 2010 (collectively, "Class members").

## *DISCUSSION*

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), for classes certified under Rule 23(b)(3), the Court must direct to class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notice must "clearly and concisely state in plain, easily understood language:" (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The parties agree that Bayer does not possess the names and contact information of the Class members.  Accordingly, the parties propose notice should be disseminated to the Class by way of online publication, a dedicated website, and other means of outreach.  To facilitate and administer the proposed notice, Plaintiffs have secured the Garden City Group, Inc. ("GCG"), a preeminent firm that specializes in the administration of class action notice programs.  (Doc. No. 216, Ex. C, Notice Plan.)  The notice plan proposed by GCG will generate an estimated 4,000,000 impressions.  The notice will then be publicized in approximately 65 local newspaper and television websites throughout California using a clear and concise Internet banner advertisement that will rotate for one-month among many widely read

---

[1] The Vitamin products at issue include One-A-Day Men's Health Formula and One-A-Day Men's 50+ Advantage.

1 and respected local news and information websites throughout California.  The banner advertisement
2 will appear as follows:

> **ONE-A-DAY MEN'S HEALTH FORMULA and ONE-A-DAY MEN'S 50+ MULTIVITAMINS**
> If you purchased One-A-Day Men's Health Formula from 2002-2010 or One-A-Day Men's 50+ from 2007-2010, you may be a class member.
> Prepared by GCG       ◆ Click here for more information

7 To reach the large Hispanic population in California, the banner advertisement will also be circulated
8 throughout Univision.com's local news websites and more than 100 online publishers
9 affiliated with the Univision Partner Group.

10    In addition to the banner advertisement, GCG will create an informational website with the URL
11 address, www.californiamensvitaminslawsuit.com.  The website will be maintained by GCG during the
12 pendency of the notice period and the banner advisement will be linked to the website so that individu-
13 als who click the banner will be automatically re-directed to the website.  The website will display the
14 short form notice, the long form notice, a copy of the operative complaint, and the Court's order
15 granting Plaintiffs' motion for class certification.  (Doc. No. 216, Ex. A short form notice, Ex. B. Long
16 form notice.)

17    Given the facts and circumstances of the instant case, including the parties inability to locate the
18 names and contact information of Class members, the Court finds the proposed notice sufficient.
19 Specifically, the form and information contained within the notice is based on and consistent with the
20 Federal Judicial Center's notices, and satisfy the requirements of Rule 23 and due process.  *See, e.g.*,
21 Fed. R. Civ. P. 23 Advisory Committee Notes (2003) ("The Federal Judicial Center has created
22 illustrative clear-notice forms that provide a helpful starting point for actions similar to those described
23 in the forms."); *accord In re Wal-Mart Stores, Inc. Wage and Hour Litig*., 2008 WL 1990806, at *7
24 (N.D. Cal. May 05, 2008); *Flanagan v. Allstate Ins. Co.*, 2007 WL 3085903, at *1 (N.D. Ill. Oct. 18,
25 2007) ("We begin by adopting, generally, defendant's template, since it is taken directly from the
26 Federal Justice Center's archive of sample Notice forms."); *Mirfasihi v. Fleet Mortg. Corp*., 356 F.3d
27 781, 786 (7th Cir. 2004) (holding that publication of notice in a national newspaper of wide circulation,
28 plus an online publication, constitutes sufficient notice by publication).

### *CONCLUSION*

Accordingly, for the reasons set forth above, the Court approves the parties joint motion for approval of the Class Notice Plan. (Doc. No. 216.)

IT IS SO ORDERED.

DATED: February 1, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge